CHARLES D. SWIFT (D.C. ID No. 987353)
    cswift@clcma.org
CHRISTINA JUMP (D.C. ID No. TX151)
    cjump@clcma.org
Constitutional Law Center for Muslims in America (CLCMA)
833 E. Arapaho Rd., Ste. 102
Richardson, TX 75081
Tel: (972) 914-2507; Fax: (972) 692-7454

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LASSANA MAGASSA**, 2917 South Willow Street Seattle, WA, 98108<br>    *Plaintiff,*<br><br>vs.<br><br>**FEDERAL BUREAU OF INVESTIGATION**, 935 Pennsylvania Ave., NW Washington, D.C. 20535-001<br><br>    *Defendant.* | CASE NO: 1:19-cv-1952<br><br>CIVIL ACTION<br><br>**PLAINTIFF'S COMPLAINT SEEKING INJUNCTIVE, DECLARATORY, AND OTHER APPROPRIATE RELIEF** |

## PLAINTIFF'S COMPLAINT SEEKING INJUNCTIVE, DECLARATORY, AND OTHER APPROPRIATE RELIEF

Pursuant to 5 U.S.C. § 552(a)(4)(B), Plaintiff Lassana Magassa, by and through undersigned counsel, files this Complaint Seeking Injunctive, Declaratory, and Other Appropriate Relief against the Defendant, the Federal Bureau of Investigation ("FBI"), for the Agency's violations of the Freedom of Information Act, and its requirements, by improperly withholding responsive

records from Plaintiff and for the Agency's inadequate search for responsive records, and in support thereof Plaintiff states the following:

## I.  JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under the authority of 5 U.S.C. § 552(a)(4)(B). This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

2. The Court has jurisdiction to grant declaratory, injunctive, and other appropriate relief pursuant to 28 U.S.C. §§ 2201-2202.

3. Venue is appropriate in this Court under 28 U.S.C. § 1391 and 5 U.S.C. § 552(a)(4)(B).

## II.  PARTIES

4. Plaintiff Lassana Magassa is a U.S. citizen and resident of Seattle, Washington, who previously worked for Delta Air Lines, Inc. ("Delta").

5. Defendant FBI is an agency of the United States that employs approximately 35,000 people, including special agents, intelligence analysts, and other support professionals. The FBI oversees the Terrorist Screening Center ("TSC"). The TSC develops and maintains the federal government's consolidated Terrorist Screening Center Database ("TSDB"), which contains the watch lists agencies, including but not limited to the Transportation Security Administration ("TSA"), contribute information to and otherwise utilize. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## III.  STATEMENT OF FACTS

1. Plaintiff hereby alleges and incorporates all numbered paragraphs above.

2. Plaintiff applied for a position with the FBI after he graduated from college in 2007.

3. In 2011, Plaintiff met with FBI agents in New York City, and assumed the purpose of the interview was to discuss potential job opportunities in relation to Plaintiff's prior job application in 2007.

4. At the interview, FBI agents questioned Plaintiff about an individual Plaintiff met in college, named Adis. Plaintiff was only an acquaintance with Adis and did not speak to him for at least six months at the time of the FBI interview. Nonetheless, Plaintiff answered the FBI agents' questions to the extent Plaintiff was knowledgeable.

5. The New York FBI agents never contacted Plaintiff again.

6. Plaintiff applied for a position with Delta in 2015.

7. In June 2015, Plaintiff underwent extensive background checks and interviews by U.S. Customs and Border Protection ("CBP") in order to be hired for the service/ramp agent role. During the course of this process, Plaintiff expressed interest in eventually working for law enforcement, and particularly for the FBI. Plaintiff mentioned he had previously applied for a position with the FBI after he graduated from college.

8. After discussing Plaintiff's religious beliefs and his desires to work in law enforcement, the CBP agent interviewing Plaintiff for the Delta position offered to pass along his resume to any colleagues, and Plaintiff agreed.

9. Plaintiff subsequently received clearance indicating that he was not a threat to national security, to transportation security, or a threat of terrorism, in June 2015.

10. Upon receiving clearance, Plaintiff began working for Delta in June 2015 as a Cargo Customer Service Agent in Seattle, WA.

11. In or around October 2015, Plaintiff was contacted by a CBP agent for an interview. At this interview, Plaintiff once again expressed interest in working in law enforcement and

expanding his network. The CBP agent told Plaintiff he would pass along Plaintiff's information and résumé and someone would contact him soon after.

12. The CBP agent connected Plaintiff with FBI Special Agent Minh Truong via email correspondence.

13. Truong contacted Plaintiff in late October 2015 for what Plaintiff believed at the time was going to be a job interview.

14. However, when Plaintiff and Truong met for coffee, Truong questioned Plaintiff on his Muslim faith and his views on violence. Truong then asked Plaintiff to become an informant for the FBI, and mentioned that he could be compensated for doing so.

15. Plaintiff refused, stating that the duplicity of that role was against his core beliefs and his religious practice, but that he remained interested in employment as an agent or intern.

16. The same FBI agent, Truong, attempted to make contact with Plaintiff again in September 2016, but they did not connect.

17. Plaintiff began experiencing extreme difficulties while traveling in October 2016, which occurred around the same time that his airport badge and security privileges were revoked by the TSA. This revocation made it impossible for Plaintiff to perform his job, resulting in the constructive discharge of his employment from Delta.

18. Upon information and belief, Plaintiff's declination of an offer to serve as an informant, and delay in meeting Special Agent Truong thereafter, resulted in the revocation of Plaintiff's security badge and airport privileges, in addition to Plaintiff being targeted due to his religion and/or race.

19. In February 2017, Plaintiff submitted a Freedom of Information Act ("FOIA") and Privacy Act ("PA") request for information on himself to the FBI.

20. On February 24, 2017, the FBI acknowledged receipt of Plaintiff's FOIA/PA request.

21. In January 2018, Plaintiff's counsel wrote Record/Information Dissemination Section Chief David Hardy that, at that time, nearly one year passed since Plaintiff submitted his FOIA/PA request without a substantive response from the FBI.

22. On February 22, 2018, a year after Plaintiff submitted his FOIA/PA request, the FBI provided a response with 19 heavily-redacted documents.

23. In the FBI's February 22, 2018 response, the Agency wrongfully redacted information by citing exemptions that do not protect the redacted information on those documents from disclosure, or otherwise cited exemptions without adequately explaining their application. Upon information and belief, the FBI also withheld numerous documents in its possession, and did not properly address withholding those documents and, further, did not cite their corresponding exemptions.

24. On May 22, 2018, Plaintiff submitted a written appeal of the FBI's over-redacted and inadequate response to his FOIA/PA request.

25. This appeal stated the following, in part

> Redactions within the documents the FBI provided wrongfully cite exemptions (b)(6) and (b)(7)(c) in relation to personnel files, and the personal privacy concerns of FBI personnel. However, an FBI agent's employment with the government is public information, and these employees have no legitimate privacy right to the deletion (or redaction) of their names. In that respect, unless the FBI makes a showing that disclosure of an agent's identity would endanger his or her safety, the FBI must not redact the names of FBI personnel. The FBI has not met this burden, and we appeal the redaction of this information.

> In addition, we further appeal the agency's citation of exemption (j)(2) on multiple documents relating to Mr. Magassa's application to the 2007 Honors Internship Program. Without more information from the FBI, which the agency is obligated to provide when citing such an exemption, the undersigned fails to see how an application to the internship program would constitute "material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce or apprehend criminals." The FBI must at least state why this exemption applies if it is going to rely on it.

> Lastly, we appeal the agency's lack of production in response to Mr. Magassa's request overall, as the response does not include any documents from Mr. Magassa's various interviews and/or interactions with FBI personnel, including but not limited to interactions with Special Agent Minh Tri Truong. The response also does not contain any communications with Mr. Magassa and other FBI personnel. In keeping with the spirit of FOIA, with its "strong presumption in favor of disclosure," if documents pertaining to Mr. Magassa's request are denied in whole or in part, the FBI must provide sufficient justification for all withholdings by reference to specific exemptions of FOIA, along with explanations as to the exemption's applicability to this case. The FBI is also required to provide all segregable portions of otherwise exempt material. For the documents that are almost certain to exist which pertain to Mr. Magassa's interviews and communications with FBI personnel, the agency has not met this burden.

(internal citations omitted).

26. The Department of Justice ("DOJ") sent confirmation of receipt of Plaintiff's appeal on May 23, 2018.

27. On October 12, 2018, Plaintiff wrote DOJ Office of Information Policy ("OIP") Director Melanie Ann Pustay, and other OIP officials, in a final attempt to confer regarding the Agency's delinquency in resolving Plaintiff's FOIA/PA appeal. This correspondence stated, in part

> The DOJ sent an acknowledgement of our client's FOIA/PA appeal on May 23, 2018. It has been nearly five months since Mr. Magassa's appeal was received, and yet no further communication has been provided to him or the undersigned. The DOJ's online status check shows that the agency considered a response due to Mr. Magassa no later than June 20, 2018. By the agency's own prescribed due date, that means that the DOJ and FBI are nearly four months behind the required deadline to supply a response. Mr. Magassa's previous FOIA/PA reference number (1367694-000) no longer produces status results and previously showed a status of "closed," seemingly due to the length of time it has taken for the DOJ to resolve this matter.

> Thus far, the DOJ and FBI have failed to comply with the requirements of 6 C.F.R. Part 5 § 5.5(c), which states that agencies are required to respond to appeals and requests within a 20-day statutory period. Under the regulations, agencies cannot grant themselves anything longer than a 10-day extension without communicating with the requester and stating the time period it expects the search to take. We note that the FBI and DOJ also have failed to give Mr. Magassa an opportunity to modify his request or agree to an alternative time period for processing.

> For additional background, we remind you that Mr. Magassa originally made a FOIA/Privacy Act request in February 2017 for information on himself (which is now

over a year and a half ago). The FBI acknowledged receipt of the request on February 24, 2017. The undersigned counsel wrote Record/Information Dissemination Section Chief David. M. Hardy in January 2018 that, at that time, nearly one year passed since Mr. Magassa's FOIA/PA request. On February 22, 2018, a year after Mr. Magassa initiated his request, the FBI responded. However, the agency wrongfully redacted information and cited exemptions which do not protect such information from disclosure. In addition, upon information and belief, the agency also withheld numerous documents in its possession and did not properly address those documents and their corresponding exemptions. Mr. Magassa, through the undersigned, appealed the agency's response on May 22, 2018 and still awaits a response, which should not have taken no more than 30 days even with the agency granting itself an extension.

28. On November 20, 2018, six months after Plaintiff submitted his FOIA/PA appeal and nearly two years after he submitted his FOIA/PA request, OIP Chief Sean R. O'Neil sent Plaintiff the final agency decision concerning Plaintiff's FOIA/PA request. Mr. O'Neil affirmed the Agency's withholdings and redactions in response to Plaintiff's request.

29. Defendant's November 20, 2018 letter stated that this was the final decision on Plaintiff's appeal, and that Plaintiff may seek judicial review.

30. Accordingly, Plaintiff seeks judicial review of the FBI's improper withholdings and heavy redactions in response to Plaintiff's FOIA/PA request; Defendant's inadequate search for responsive documents; and Defendant's failure to properly provide proof that the exemptions cited apply to the documents responsive to the request that were withheld or redacted. Plaintiff's request is timely, and Plaintiff has exhausted the applicable administrative remedies with respect to his FOIA/PA request to Defendant FBI.

## IV.   COUNTS ONE AND TWO:

## VIOLATIONS OF THE FREEDOM OF INFORMATION ACT, 5 U.S.C. § 552

### A. Count One: Wrongful Withholding of Non-Exempt Records

31. Plaintiff hereby alleges and incorporates all numbered paragraphs above.

32. Defendant is an agency subject to FOIA and its requirements, under 5 U.S.C. § 552 (f).

33. Defendant has Agency records concerning Plaintiff that are either created or controlled by Defendant, or are under Defendant's control.

34. Accordingly, Defendant must release any and all responsive, non-exempt Agency records in its possession to Plaintiff.

35. Under the FOIA, and in keeping with its spirit with its strong presumption in favor of disclosure, agencies must provide sufficient and lawful justification for all withholdings by reference to specific exemptions of FOIA, along with explanations as to the exemption's applicability to the requester's case.

36. Agencies are also required to provide all segregable portions of otherwise exempt material.

37. The burden is on the agency, and in this case, the FBI, to justify the withholding or redaction of any requested documents.

38. Defendant also stated that the responsive information withheld from plaintiff was proper pursuant to the applicability of 5 U.S.C. § 552(b)(6), (b)(7)(C), and (b)(7)(e) exemptions. Similarly, this response indicated the corresponding exemptions under the Privacy Act., 5 U.S.C. §§ 552a(j)(2) and (k)(6).

39. Defendant's responses rely solely on the general language of the cited FOIA and Privacy Act exemptions and provide no particularized explanation to justify withholding, which is insufficient under the requirements of the Act. For instance, Defendant's response to Plaintiff's FOIA/PA request did not contain a *Vaughn* Index or similar documentation explaining in greater detail the justification for invocation of the FOIA and Privacy Act exemptions.

40. With the exclusion of any detailed explanation for the exemptions invoked, it is impossible for Plaintiff to determine the legitimacy of Defendant's claims that withholding is authorized.

41. Defendant failed to meet its burden in invoking (b)(6) and (b)(7)(C) exemptions and only issued a *Glomar* response and blanket proclamation that "it is reasonably foreseeable that disclosure of this information would harm the interests protected by these provisions," in their November 2018 final agency decision. Accordingly, the Agency made no apparent effort to weigh any privacy interest against countervailing public interests, as required under the law.

42. In addition, employment with the government is public information, and these employees have no legitimate privacy right to the deletion (or redaction) of their names. In that respect, unless the FBI makes a showing that disclosure of an employee's identity would endanger his or her safety, the FBI must not redact the names of FBI personnel.  Defendant has not met this burden.

43. Furthermore, Defendant's (b)(7)(e) redactions on the released documents relating to Mr. Magassa's application to the 2007 Honors Internship Program are also inadequate under the law. Without more information from the FBI, which the Agency is obligated to provide when citing these exemptions, the undersigned fails to see how an application to the internship program would constitute "material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce or apprehend criminals." The FBI must at least state why this exemption applies if it is going to rely on it.

44. Since the FBI had nearly two years to supply a proper response to Mr. Magassa's initiation of this FOIA/PA matter, and since the FBI still did not provide documentation explaining in greater detail the justification for invocation of the cited FOIA/PA exemptions, the FBI has accordingly failed to meet its burden to justify the withholding and redacting of the requested information.

45. Similarly, Defendant has not met its burden to show that all reasonably segregable, nonexempt materials were disclosed.

46. Accordingly, Defendant is unlawfully withholding and redacting records requested by Plaintiff under the FOIA.

47. Defendant failed to identify the number of documents it withheld from Plaintiff entirely.

48. Defendant has not produced any documentation relating to any of Plaintiff's interviews with FBI special agents.

49. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding and redacting of records responsive to Plaintiff's FOIA request and will continue to be irreparably harmed unless Defendant is compelled to confirm its conduct to the requirements of the law.

50. Among the harm Plaintiff is experiencing as a result of Defendant's unlawful withholding of responsive records is the inability to prepare a meaningful defense as to the reasons supporting the revocation of his security badge and airport privileges, which are unknown to him. As stated above, the revocation of Plaintiff's security badge and airport privileges resulted in the constructive discharge of his employment with Delta.

51. Another harm Plaintiff is experiencing as a result of Defendant's unlawful withholding of responsive records is the inability to learn why he is experiencing severe difficulties exercising his fundamental right to travel and whether his interactions with Special Agent Truong relate to his issues traveling.

52. Therefore, by improperly withholding and redacting the records Plaintiff specifically requested without providing detailed explanations as to the documents withheld or redacted, Defendant violated the FOIA.

**B. Count Two: Failure to Conduct an Adequate Search Under FOIA**

53. Plaintiff hereby alleges and incorporates all numbered paragraphs above.

54. Defendant failed to conduct a reasonably calculated and good faith search to uncover all responsive Agency records, as the FOIA requires.

55. As a result of Defendant's inadequate search, which is apparent by the lack of documents relating to Plaintiff's interactions with multiple FBI agents, Plaintiff has not received many of the records he requested under the FOIA.

56. Therefore, by failing to adequately search for the records Plaintiff specifically requested, defendant violated the FOIA's mandate to conduct a search that is reasonably calculated to produce responsive records, pursuant to 5 U.S.C. § 552(a)(3)(D).

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment of liability against Defendant, and respectfully requests that this Court grant the following relief:

1) Order Defendant to conduct a search for any and all records responsive to Plaintiff's FOIA/PA request, including but not limited to records relating to the revocation of his aviation worker's credential and Plaintiff's difficulties traveling;

2) Order Defendant to demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA/PA request;

3) Order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request;

4) Order Defendant to produce, by a date certain, a *Vaughn* index of any responsive records withheld under claim of exemption, pursuant to *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), which includes the number of documents withheld in their entirety;

5) Enjoin Defendant from continuing to withhold any and all properly proved non-exempt records;

6) Issue a declaration that Plaintiff is entitled to disclosure of the requested records;

7) Maintain jurisdiction over this action until Defendant is in compliance with FOIA, the Administrative Procedure Act, and every order of this Court;

8) Grant Plaintiff an award of reasonable attorney's fees and other litigation costs, as provided for in 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 2412; and

9) Grant Plaintiff any additional relief this Court deems just, proper, and equitable.

Respectfully submitted this 28th day of June, 2019.

/s/ *Christina A. Jump*
Charles D. Swift
D.C. ID No. 987353
Counsel for Plaintiff
Christina A. Jump
D.C. ID No. TX151
Counsel for Plaintiff
Constitutional Law Center
for Muslims in America
833 E. Arapaho Rd., Suite 102
Richardson, TX 75081
Tel: (972) 914-2507
Fax: (972) 692-7454
cswift@clcma.org
cjump@clcma.org