UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LASSANA MAGASSA,

     Plaintiff,

         v.                    Civil Action No. 19-CV-1952 (KBJ)

FEDERAL BUREAU OF INVESTIGATION,

     Defendant.

# <u>Exhibit A</u>

11500 PINEHURST WAY NE, 322
SEATTLE, WASHINGTON 98125

February 14, 2017

Federal Bureau of Investigation
Records/Information Dissemination Section
170 Marcel Drive
Winchester, VA 22602-4843

FREEDOM OF INFORMATION ACT / PRIVACY ACT REQUEST

Dear Sir or Madam:

This is a request for records under the provisions of the Freedom of Information Act and the Privacy Act. Please process this request under both statutes to release the maximum number of records.

I request copies of all files, correspondence, or other records concerning myself. To assist you with this search I am providing the following information about myself:

> My full name: Lassana Magassa
>
> Other names used:
>
> My date of birth: █████████████    FRCP 5.2
>
> My place of birth: New York, New York
>
> My Social Security number: █████████████    FRCP 5.2

Please search both your automated indices and the older general (manual) indices, as well as all Field Offices.

I authorize you to spend up to two hours searching for responsive records, but no more. This is an individual request for research and study purposes, and I agree that I will pay up to $30 for fees, if necessary. Please notify me in advance if fees are expected to exceed that amount. If the file is likely to result in more than 250 pages, I would appreciate receiving a digital copy of the file on a CD-ROM rather than in paper form.

If you have any questions, please call me at 2065520034.

Under penalty of perjury, I hereby declare that I am the person named above and I understand that any falsification of this statement is punishable under the provisions of Title 18, United States Code (U.S.C.), Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years, or both; and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of Title 5, U.S.C., Section 552a(i)(3) as a misdemeanor and by a fine of not more than $5,000.

Sincerely,

Lassana Magassa

FEB 24 2017

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LASSANA MAGASSA,

 Plaintiff,

  v.         Civil Action No. 19-CV-1952 (KBJ)

FEDERAL BUREAU OF INVESTIGATION,

 Defendant.

# <u>Exhibit B</u>



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

February 24, 2017

MR. LASSANA MAGASSA
11500 PINEHURST WAY NORTHEAST
322
SEATTLE, WA 98125

FOIPA Request No.: 1367694-000
Subject: MAGASSA, LASSANA

Dear Mr. Magassa:

This acknowledges receipt of your Freedom of Information/Privacy Acts (FOIPA) request to the FBI.

☑ Your request has been received at FBI Headquarters for processing.

☐ Your request has been received at the _____ Resident Agency / _____ Field Office and forwarded to FBI Headquarters for processing.

☐ The subject of your request is currently being processed for public release.   Documents will be released to you upon completion.

☐ Release of responsive records will be made to the FBI's FOIA Library (The Vault), http:/vault.fbi.gov, and you will be contacted when the release is posted.

☐ Your request for a fee waiver is being considered and you will be advised of the decision at a later date.   If your fee waiver is denied, you will be charged fees in accordance with the category designated below.

☑ For the purpose of assessing fees, we have made the following determination:

    ☐ As a commercial use requester, you will be charged applicable search, review, and duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(I).

    ☐ As an educational institution, noncommercial scientific institution or representative of the news media requester, you will be charged applicable duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(II).

    ☑ As a general (all others) requester, you will be charged applicable search and duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(III).

Please check the status of your FOIPA request at www.fbi.gov/foia by clicking on **FOIPA Status** and entering your FOIPA Request Number.   Status updates are adjusted weekly.   The status of newly assigned requests may not be available until the next weekly update.   If the FOIPA has been closed the notice will indicate that appropriate correspondence has been mailed to the address on file.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.   Your patience is appreciated.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site:  https://foiaonline.regulations.gov/foia/action/public/home.   Your appeal must be postmarked or

electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS) at 877-684-6448, or by emailing ogis@nara.gov.   Alternately, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@ic.fbi.gov.   If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so that it may be easily identified.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
   Dissemination Section
Records Management Division

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LASSANA MAGASSA,

      Plaintiff,

          v.                         Civil Action No. 19-CV-1952 (KBJ)

FEDERAL BUREAU OF INVESTIGATION,

      Defendant.

# <u>Exhibit C</u>

# FAX COVER SHEET

| TO | |
| --- | --- |
| COMPANY | |
| FAX NUMBER | 15408684997 |
| FROM | CLCMA STAFF |
| DATE | 2018-01-25 21:49:48 GMT |
| RE | Lassana Magassa | Correspondence re FOIPA Ref. No. 1367694-000 |

## COVER MESSAGE

Enclosed please find correspondence regarding our request on behalf of our client, Mr. Lassana Magassa, for prompt action as to his FOIA/PA request, which is referenced under **1367694-000**.

Please contact the undersigned with any questions or further instructions in this regard. Thank you.

Sincerely,
Christina Jump and Charles Swift
Counsel for Lassana Magassa

*Christina A. Jump*

Civil Litigation Department Head
Constitutional Law Center for Muslims in America
833 E. Arapaho Rd., Suite 102
Richardson, TX 75081
(972) 914-2507 (main)
(972) 914-2508 (direct)

JAN 31 2018



**CONSTITUTIONAL LAW CENTER**
*for* MUSLIMS *in* AMERICA

David M. Hardy, Section Chief
Record/Information Dissemination Section (RIDS)
Records Management Division
Federal Bureau of Investigation
170 Marcel Drive
Winchester, VA 22602-4483
Phone: (540) 868-4593
*Sent Via eFax:* (540) 868-4391; (540) 868-4997
**Sent Via Email:** foiparequest@ic.fbi.gov

January 25, 2018

### RE: FOIPA REFERENCE NUMBER 1367694-000

To RIDS Section Chief, David M. Hardy:

This correspondence is made on behalf of our client, Mr. Lassana Magassa. For your reference, enclosed are a completed Affirmation/Declaration and a completed DHS 590 form.

Pursuant to the Freedom of Information Act, 5 U.S.C. § 522 (FOIA), and the Privacy Act, 5 U.S.C. § 522a, Mr. Magassa made a FOIA/Privacy act request in February 2017 for information on himself. On February 24, 2017, you sent an acknowledgement of receipt, which stated that Mr. Magassa's request was received at the FBI Headquarters for processing.

Nearly one year has passed since Mr. Magassa's FOIA/PA request, as well as nearly a year since Mr. Magassa received *any* correspondence from the FBI regarding his FOIA/PA request. The failure of the FBI to supply a response which either provides the requested documents, or cites applicable laws prohibiting the agency from doing so, is far beyond the twenty-day statutory period in which federal agencies are required to respond to FOIA requests.[1]

Furthermore, the FBI failed to provide notice specifying that "unusual circumstances" existed, which is necessary if exceeding the statutory period of twenty days, and also failed to state that an extension was needed.[2] Even if the FBI sent correspondence regarding the existence of unusual circumstances warranting an extension, and notice of its expected completion date, which it did not, the extension was not to exceed **ten days** unless the agency provided the requester the ability to either limit the scope of the request or arrange an alternative time frame.

---

[1] *See* 5 U.S.C. § 552(a)(6)(A).
[2] *See* 5 U.S.C. § 552(a)(6)(B)(i).

This year-long delay has resulted in great harm to Mr. Magassa. **We request a response that either provides documents, or cites applicable exemptions for not doing so, on Mr. Magassa's behalf, or we will file a mandamus action to obtain proper adjudication.**

In keeping with the spirit of FOIA, with its "strong presumption in favor of disclosure,"[3] if Mr. Magassa's request is denied in whole or in part, please provide sufficient justification for all withholdings by reference to specific exemptions of FOIA along with explanations as to the exemption's applicability to this case.[4] Please provide all segregable portions of otherwise exempt material. I reserve the right to appeal a decision to withhold any information.

Please send all records, as they become available, to this address:

> The Constitutional Law Center for Muslims in America (CLCMA)
> 833 E. Arapaho Rd
> Suite 102
> Richardson, TX 75081

We trust that this provides you with all that is needed at this time. Thank you in advance for your time and attention to this matter. Please feel free to contact the undersigned with any questions in this regard.

Sincerely,

*Christina A. Jump*

Christina Jump, Esq.
Charles D. Swift, Esq.
Constitutional Law Center for Muslims in America (CLCMA)
972-914-2507
cjump@clcma.org
www.clcma.org

---

[3] *ACLU v. U.S. DOJ*, 655 F.3d 1, 6 (D.C. Cir. 2011) (quoting *Nat'l Ass'n of Home Builders v. Norton*, 309 F.3d 26, 32 (D.C. Cir. 2002)).
[4] The responding agency "bears the burden of proving the applicability of claimed exemptions." *Nat'l Sec. Counselors v. CIA*, 960 F. Supp. 2d 101, 132 (D.C. Cir. 2013) (quoting *Am. Civil Liberties Union v. U.S. Dep't of Def. ("ACLU/DOD")*, 628 F.3d 612, 619 (D.C. Cir. 2011)).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LASSANA MAGASSA,

      Plaintiff,

          v.

FEDERAL BUREAU OF INVESTIGATION,

      Defendant.

Civil Action No. 19-CV-1952 (KBJ)

# **<u>Exhibit D</u>**



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

February 1, 2018

MS. CHRISTINA A. JUMP, ESQ.
CIVIL LITIGATION DEPARTMENT HEAD
CONSTITUTIONAL LAW CENTER FOR MUSLIMS IN AMERICA
833 EAST ARAPAHO ROAD
SUITE 102
RICHARDSON, TX 75081

FOIPA Request No.: 1367694-000
Subject: MAGASSA, LASSANA

Dear Ms. Jump:

The purpose of this letter is to advise you of the status of your pending Freedom of Information/Privacy Acts (FOIPA) request at the Federal Bureau of Investigation (FBI).   Currently, your request is in the "perfected backlog", where your request is waiting assignment to an analyst.

You have the opportunity to reduce the scope of your request; this will accelerate the process and could potentially place your request in a smaller processing queue.   This may also reduce search and duplication costs and allow for a more timely receipt of your information.

Please advise in writing if you would like to discuss reducing the scope of your request.   Provide a telephone number, if one is available, where you can be reached between 8:00 a.m. and 5:00 p.m., Eastern Standard Time.   Mail your response to: **Work Process Unit; Record Information/Dissemination Section; Records Management Division; Federal Bureau of Investigation; 170 Marcel Drive; Winchester, VA 22602**.   You may also fax your response to: 540-868-4997, Attention: Work Process Unit.

For questions, or to check the status of your request, visit the www.fbi.gov/foia website. The FOIPA Request Number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.   Your patience is appreciated.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Records Management Division

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LASSANA MAGASSA,

     Plaintiff,

        v.

FEDERAL BUREAU OF INVESTIGATION,

     Defendant.

Civil Action No. 19-CV-1952 (KBJ)

# <u>Exhibit E</u>



**U.S. Department of Justice**



**Federal Bureau of Investigation**
*Washington, D.C. 20535*

February 22, 2018

CHRISTINA A. JUMP, ESQ.
THE CONSTITUTIONAL LAW CENTER FOR MUSLIMS IN AMERICA
SUITE 102
833 EAST ARAPAHO ROAD
RICHARDSON, TX   75081

FOIPA Request No.: 1367694-000
Subject: MAGASSA, LASSANA

Dear Mr. Magassa:

     The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a.  Below you will find check boxes under the appropriate statute headings which indicate the types of exemptions asserted to protect information which is exempt from disclosure.  The appropriate exemptions are noted on the enclosed pages next to redacted information.   In addition, a deleted page information sheet was inserted to indicate where pages were withheld entirely and identify which exemptions were applied.   The checked exemptions boxes used to withhold information are further explained in the enclosed Explanation of Exemptions.

<table>
<tr><td colspan="2" align="center"><b>Section 552</b></td><td></td><td colspan="2" align="center"><b>Section 552a</b></td></tr>
<tr><td>☐ (b)(1)</td><td>☐ (b)(7)(A)</td><td></td><td>☐ (d)(5)</td><td></td></tr>
<tr><td>☐ (b)(2)</td><td>☐ (b)(7)(B)</td><td></td><td>☑ (j)(2)</td><td></td></tr>
<tr><td>☐ (b)(3)</td><td>☑ (b)(7)(C)</td><td></td><td>☐ (k)(1)</td><td></td></tr>
<tr><td>_____</td><td>☐ (b)(7)(D)</td><td></td><td>☐ (k)(2)</td><td></td></tr>
<tr><td>_____</td><td>☑ (b)(7)(E)</td><td></td><td>☐ (k)(3)</td><td></td></tr>
<tr><td>_____</td><td>☐ (b)(7)(F)</td><td></td><td>☐ (k)(4)</td><td></td></tr>
<tr><td>☐ (b)(4)</td><td>☐ (b)(8)</td><td></td><td>☐ (k)(5)</td><td></td></tr>
<tr><td>☐ (b)(5)</td><td>☐ (b)(9)</td><td></td><td>☑ (k)(6)</td><td></td></tr>
<tr><td>☑ (b)(6)</td><td></td><td></td><td>☐ (k)(7)</td><td></td></tr>
</table>

     19 pages were reviewed and 19 pages are being released.

     Below you will also find additional informational paragraphs about your request.   Where applicable, check boxes are used to provide you with more information about the processing of your request.   Please read each item carefully.

☐   Document(s) were located which originated with, or contained information concerning, other Government Agency (ies) [OGA].

     ☐   This information has been referred to the OGA(s) for review and direct response to you.
     ☐   We are consulting with another agency.   The FBI will correspond with you regarding this information when the consultation is completed.

☑   In accordance with standard FBI practice and pursuant to FOIA exemption (b)(7)(E) and Privacy Act exemption (j)(2) [5 U.S.C. § 552/552a (b)(7)(E)/(j)(2)], this response neither confirms nor denies the existence of your subject's name on any watch lists.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the Freedom of Information Act (FOIA).   See 5 U.S.C. § 552(c) (2006 & Supp. IV (2010).   This response is limited to those records that are subject to the requirements of the FOIA.   This is a standard notification given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist. Enclosed for your information is a copy of the Explanation of Exemptions.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request Number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following website:   https://foiaonline.regulations.gov/foia/action/public/home.   Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS) at 877-684-6448, or by emailing ogis@nara.gov.   Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov.   If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

☐   The enclosed material is from the main investigative file(s), meaning the subject(s) of your request was the focus of the investigation.   Our search located additional references, in files relating to other individuals, or matters, which may or may not be about your subject(s).   Our experience has shown such additional references, if identified to the same subject of the main investigative file, usually contain information similar to the information processed in the main file(s).   As such, we have given priority to processing only the main investigative file(s) given our significant backlog.   If you would like to receive any references to the subject(s) of your request, please submit a separate request for the reference material in writing. The references will be reviewed at a later date, as time and resources permit.

☑   See additional information which follows.

Sincerely,

David M. Hardy
Section Chief
Record/Information
    Dissemination Section
Records Management Division

Enclosure(s)

The enclosed documents represent the final release of information responsive to your FOIA request.   This material is being provided to you at no charge.

The enclosed material contains information regarding third parties. Third party information is not subject to access under the Privacy Act, 552(a)(b).   Accordingly, your access rights are limited to those provided by the Freedom of Information Act.   This material was withheld from you pursuant to 552 (b)(6)/(b)(7)(C), which pertains to material in which the release would constitute an unwarranted invasion of the personal privacy of third parties.   This material is not appropriate for discretionary release.

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)     (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)     related solely to the internal personnel rules and practices of an agency;

(b)(3)     specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)     trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)     inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)     personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal  privacy;

(b)(7)     records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal   privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)     contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)     geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)     information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)     material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,   or reduce crime or apprehend criminals;

(k)(1)     information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)     investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)     material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)     required by statute to be maintained and used solely as statistical records;

(k)(5)     investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)     testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service he release of which would compromise the testing or examination process;

(k)(7)     material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LASSANA MAGASSA,

     Plaintiff,

        v.

FEDERAL BUREAU OF INVESTIGATION,

     Defendant.

Civil Action No. 19-CV-1952 (KBJ)

# Exhibit F



Melanie Ann Pustay, Director
Office of Information Policy (OIP)
United States Department of Justice
1524 New York Ave., NW
Suite 11050
Washington, D.C. 20530-0001
*Sent via email:* Melanie.a.pustay@usdoj.gov ; DOJ.OIP.FOIA@usdoj.gov
*Sent via e-fax:* (202) 514-1009

May 22, 2018

**RE: FREEDOM OF INFORMATION ACT APPEAL**
**FOIPA REQUEST NO.: 1367694-000 (LASSANA MAGASSA)**

Dear OIP Director Melanie Pustay,

By way of this letter, we submit the timely written appeal of the FBI's over-redacted and inadequate response as to our client, Lassana Magassa's request under the Freedom of Information Act, 5 U.S.C. § 522 (FOIA), and the Privacy Act, 5 U.S.C. § 522a (reference no. 1367694-000).

As a reminder, Mr. Magassa made a FOIA/Privacy Act request in February 2017 for information regarding himself. On February 24, 2017, the FBI acknowledged receipt of Mr. Magassa's request. In January 2018, the undersigned wrote Record/Information Dissemination Section Chief David Hardy stating that, at that time, nearly one year passed since Mr. Magassa submitted his request without a substantive response from the FBI. On February 22, 2018, a year after Mr. Magassa initiated this process, the FBI provided a response with only a few documents. In this response, the agency wrongfully redacted information by citing exemptions that do not protect the redacted information on those documents from disclosure, or otherwise cited exemptions without adequately explaining their application. In addition, upon information and belief, the agency also withheld numerous documents in its possession, and did not properly address withholding those documents and, further, did not cite their corresponding exemptions.

Redactions within the documents the FBI provided wrongfully cite exemptions (b)(6) and (b)(7)(c) in relation to personnel files, and the personal privacy concerns of FBI personnel. However, an FBI agent's employment with the government is public information, and these employees have no legitimate privacy right to the deletion (or redaction) of their names.[1] In that respect, unless the FBI makes a showing that disclosure of an agent's identity would endanger

---

[1] *See Ferguson v. Kelley*, 448. F. Supp. 919, 923 (N. D. Ill. 1977).

his or her safety, the FBI must not redact the names of FBI personnel.[2]  The FBI has not met this burden, and we appeal the redaction of this information.

In addition, we further appeal the agency's citation of exemption (j)(2) on multiple documents relating to Mr. Magassa's application to the 2017 Honors Internship Program. Without more information from the FBI, which the agency is obligated to provide when citing such an exemption, the undersigned fails to see how an application to the internship program would constitute "material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce or apprehend criminals."[3] The FBI must at least state why this exemption applies if it is going to rely on it.

Lastly, we appeal the agency's lack of production in response to Mr. Magassa's request overall, as the response does not include *any* documents from Mr. Magassa's various interviews and/or interactions with FBI personnel, including but not limited to interactions with Special Agent Minh Tri Truong. The response also does not contain any communications with Mr. Magassa and other FBI personnel. In keeping with the spirit of FOIA, with its "strong presumption in favor of disclosure,"[4] if documents pertaining to Mr. Magassa's request are denied in whole or in part, the FBI must provide sufficient justification for all withholdings by reference to specific exemptions of FOIA, along with explanations as to the exemption's applicability to this case.[5] The FBI is also required to provide all segregable portions of otherwise exempt material.  For the documents that are almost certain to exist which pertain to Mr. Magassa's interviews and communications with FBI personnel, the agency has not met this burden.

We request prompt review of this appeal and release of all responsive records. Please send all records, as they become available, to the undersigned to this address:

> The Constitutional Law Center for Muslims in America (CLCMA)
> 833 E. Arapaho Rd
> Suite 102
> Richardson, TX 75081

I look forward to receiving your timely response within the statutory period of 20 days. Thank you for your assistance.

Sincerely,

*Christina A. Jump*

Christina Jump, Esq.
Charles D. Swift, Esq.

---

[2] *See Id.*
[3] Title 5, U.S.C., Section 552 (j)(2)
[4] *ACLU v. U.S. DOJ*, 655 F.3d 1, 6 (D.C. Cir. 2011) (quoting *Nat'l Ass'n of Home Builders v. Norton*, 309 F.3d 26, 32 (D.C. Cir. 2002)).
[5] The responding agency "bears the burden of proving the applicability of claimed exemptions." *Nat'l Sec. Counselors v. CIA*, 960 F. Supp. 2d 101, 132 (D.C. Cir. 2013) (quoting *Am. Civil Liberties Union v. U.S. Dep't of Def. ("ACLU/DOD")*, 628 F.3d 612, 619 (D.C. Cir. 2011)).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LASSANA MAGASSA,

     Plaintiff,

        v.

FEDERAL BUREAU OF INVESTIGATION,

     Defendant.

Civil Action No. 19-CV-1952 (KBJ)

# **<u>Exhibit G</u>**

1425 New York Avenue N.W.
Suite 11050
Washington, DC 20005

Christina Jump, Esq.
CLCMA
Suite 102
833 E. Arapaho Road
Richardson, TX 75081

May 23, 2018

Dear Christina Jump, Esq.,

This is to advise you that your administrative appeal from the action of the FBI regarding Request No. 1367694 was received by the Office of Information Policy (OIP) of the U.S. Department of Justice on 05/22/2018.

OIP has the responsibility of adjudicating such appeals. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number DOJ-AP-2018-005531. Please mention this number in any future correspondence to this Office regarding this matter. Please note that if you provide an e-mail address or another electronic means of communication with your request or appeal, this Office may respond to your appeal electronically even if you submitted your appeal to this Office via regular U.S. Mail.

We will notify you of the decision on your appeal as soon as we can. If you have any questions about the status of your appeal, you may contact me at (202) 514-3642. If you have submitted your appeal through FOIAonline, you may also obtain an update on the status of your appeal by logging into your account.

Sincerely,

## PRISCILLA JONES

Digitally signed by
PRISCILLA JONES
Date: 2018.05.23 08:54:35
-04'00'

Priscilla Jones

Supervisory Administrative Specialist

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LASSANA MAGASSA,

     Plaintiff,

        v.                                                    Civil Action No. 19-CV-1952 (KBJ)

FEDERAL BUREAU OF INVESTIGATION,

     Defendant.

# <u>Exhibit H</u>



**U.S. Department of Justice**

Office of Information Policy

*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC  20530-0001*

*Telephone: (202) 514-3642*

Christina Jump, Esq.
CLCMA
Suite 102                                         Re:     Appeal No. DOJ-AP-2018-005531
833 East Arapaho Road                                     Request No. 1367694
Richardson, TX  75081                                     CDT:RNB

**VIA:  U.S. Mail**

Dear Ms. Jump:

      You appealed on behalf of your client, Lassana Magassa, from the action of the Federal Bureau of Investigation on his Freedom of Information Act request for access to records concerning himself.  I note that your appeal concerns the withholdings made by the FBI and the adequacy of the FBI's search.

      After carefully considering your appeal, I am affirming the FBI's action on your client's request.   The FOIA provides for disclosure of many agency records.  At the same time, Congress included in the FOIA nine exemptions from disclosure that provide protection for important interests such as personal privacy, privileged communications, and certain law enforcement activities. In order to provide your client with the greatest possible access to responsive records, your client's request was reviewed under both the Privacy Act of 1974 and the FOIA.  I have determined that certain law enforcement records responsive to your client's request are exempt from the access provision of the Privacy Act.  See 5 U.S.C. § 552a(j)(2); see also 28 C.F.R. § 16.96 (2018).  This information was also properly withheld under the FOIA because it is protected from disclosure pursuant to 5 U.S.C. § 552(b)(7)(E), which concerns records or information compiled for law enforcement purposes the release of which would disclose techniques and procedures for law enforcement investigations or prosecutions.

      Additionally, certain information was properly withheld from you because it is exempt from the access provision of the Privacy Act of 1974 pursuant to 5 U.S.C. § 552a(k)(6).  See 28 C.F.R. § 16.96 (2018).  This provision concerns testing or examination material used solely to determine individual qualification for appointment or promotion in the Federal service, the release of which would compromise the objectivity or fairness of the testing or examination process.  This information was also properly withheld under the FOIA because it is protected from disclosure pursuant to 5 U.S.C. § 552(b)(7)(E), which concerns records or information compiled for law enforcement purposes the release of which would disclose techniques and procedures for law enforcement investigations or prosecutions.

- 2 -

Further, certain information withheld from you consists of information regarding FBI third parties that does not pertain to your client.  Such information is not subject to access under the Privacy Act.  See, e.g., Sussman v. USMS, 494 F.3d 1106, 1121 n. 9 (D.C. Cir. 2007).  Accordingly, your client's access rights are limited to those provided by the FOIA.  The FBI properly withheld this information because it is protected from disclosure under the FOIA pursuant to:

> 5 U.S.C. § 552(b)(6), which concerns material the release of which would constitute a clearly unwarranted invasion of the personal privacy of third parties; and

> 5 U.S.C. § 552(b)(7)(C), which concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to constitute an unwarranted invasion of the personal privacy of third parties.

Additionally, it is reasonably foreseeable that disclosure of this information would harm the interests protected by these provisions.

To the extent that your request seeks access to records that would either confirm or deny an individual's placement on any government watch list, the FBI properly refused to confirm or deny the existence of any such records because their existence is protected from disclosure pursuant to 5 U.S.C. § 552a(j)(2) & 5 U.S.C. § 552(b)(7)(E).  Exemption 7(E) concerns records or information compiled for law enforcement purposes the release of which would disclose techniques and procedures or guidelines for law enforcement investigations or prosecutions.  Further, it is reasonably foreseeable that confirming or denying an individual's placement on any government watch list would harm the interests protected by this exemption.  See, e.g., Kalu v. IRS, 159 F. Supp. 3d 16, 23 (D.D.C. 2016).  This response should not be taken as an indication that records do or do not exist.  Rather, this is the standard response made by the FBI.

As to your appeal concerning the adequacy of the FBI's search for responsive records subject to the FOIA, I note that the FBI conducted searches for responsive records in its automated indices.  Accordingly, I have determined that the FBI's response was correct and that it conducted an adequate, reasonable search for such records.

Please be advised that this Office's decision was made only after a full review of this matter.  Your appeal was assigned to an attorney with this Office who thoroughly reviewed and analyzed your appeal, your client's underlying request, and the action of the FBI in response to your client's request.

If your client is dissatisfied with my action on your appeal, the FOIA permits him to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

For your information, the Office of Government Information Services (OGIS) offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation.  Using OGIS services does not affect your client's right to

- 3 -

pursue litigation.  The contact information for OGIS is as follows:  Office of Government
Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi
Road, College Park, Maryland 20740-6001; email at ogis@nara.gov; telephone at 202-741-5770;
toll free at 1-877-684-6448; or facsimile at 202-741-5769.  If you have any questions regarding
the action this Office has taken on your appeal, you may contact this Office's FOIA Public
Liaison for your appeal.  Specifically, you may speak with the undersigned agency official by
calling (202) 514-3642.

Sincerely,

11/20/2018

X _____

Sean R. O'Neill
Chief, Administrative Appeals Staff
Signed by: OIP

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LASSANA MAGASSA,

     Plaintiff,

          v.

FEDERAL BUREAU OF INVESTIGATION,

     Defendant.

Civil Action No. 19-CV-1952 (KBJ)

# **<u>Exhibit I</u>**



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

October 31, 2019

Mr. Charles D. Swift
Constitutional Law Center for Muslims in America
Suite 102
833 East Arapaho Road
Richardson, TX 75081

> *Magassa v. DOJ*
> Civil Action No. 1:19-cv-1952
> FOIPA Request No.: 1367694-000
> Subject: MAGASSA, LASSANA

Dear Mr. Swift:

The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a.  Below you will find checked boxes under applicable statutes for the exemptions asserted to protect information exempt from disclosure.  The appropriate exemptions are noted on the processed pages next to redacted information.  An Explanation of Exemptions is enclosed to further explain justification for withheld information.

|  | **Section 552** |  |  | **Section 552a** |
|---|---|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) | | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | | ☑ (j)(2) |
| ☑ (b)(3) | ☑ (b)(7)(C) | | ☐ (k)(1) |
|   50 U.S.C., Section 3024 (i)(1) | ☐ (b)(7)(D) | | ☑ (k)(2) |
| | ☑ (b)(7)(E) | | ☐ (k)(3) |
| | ☐ (b)(7)(F) | | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) | | ☑ (k)(5) |
| ☐ (b)(5) | ☐ (b)(9) | | ☑ (k)(6) |
| ☑ (b)(6) | | | ☐ (k)(7) |

27 pages were reviewed and 27 pages are being released.

Please see the paragraphs below for relevant information specific to your request and the enclosed FBI FOIPA Addendum for standard responses applicable to all requests.

☐   Document(s) were located which originated with, or contained information concerning, other Government Agency (ies) [OGA].

    ☐   This information has been referred to the OGA(s) for review and direct response to you.
    ☐   We are consulting with another agency.   The FBI will correspond with you regarding this information when the consultation is completed.

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request.  **"Part 1"** of the Addendum includes standard responses that apply to all requests.  **"Part 2"** includes additional standard responses that apply to all requests for records on individuals.   **"Part 3"** includes general information about FBI records that you may find useful.   Also enclosed is our Explanation of Exemptions.

Although your request is in litigation, we are required by law to provide you the following information:

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Sixth Floor, 441 G Street, NW, Washington, D.C. 20001, or you may submit an appeal through OIP's FOIA online portal by creating an account on the following website: https://www.foiaonline.gov/foiaonline/action/public/home.   Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS).   The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.   Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov.   If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Please direct any further inquiries about this case to the Attorney representing the Government in this matter.   Please use the FOIPA Request Number and/or Civil Action Number in all correspondence or inquiries concerning your request.

☑   See additional information which follows.

Sincerely,

David M. Hardy
Section Chief
Record/Information
  Dissemination Section
Information Management Division

Enclosures

In response to your Freedom of Information Privacy Act (FOIPA) request and subsequent civil action case pending in the U.S. District Court for the District of Columbia, enclosed are documents Bates numbered FBI (19-cv-1952)-1 to FBI (19-cv-1952)-27.

The enclosed documents represent the FBI's final release of information responsive to your request and civil action.

The enclosed documents responsive to your request are exempt from disclosure in their entirety pursuant to the Privacy Act, Title 5, United States Code, Section 552a, subsection (j)(2).   However, these records have been processed pursuant to the Freedom of Information Act, Title 5, United States Code, Section 552, thereby affording you the greatest degree of access authorized by both laws.

Portions of the enclosed documents responsive to your request are exempt from disclosure pursuant to the Privacy Act, Title 5, United States Code, Section 552a, subsection (k)(2) and (k)(5).   Additionally, the records have been processed pursuant to the Freedom of Information Act, Title 5, United States Code, Section 552, thereby affording you the greatest degree of access authorized by both laws.

The enclosed material contains information regarding third parties. Third party information is not subject to access under the Privacy Act, 552a(b).   Accordingly, your access rights are limited to those provided by the Freedom of Information Act.   This material was withheld from you pursuant to 552 (b)(6)/(b)(7)(C), which pertains to material in which the release would constitute an unwarranted invasion of the personal privacy of third parties. This material is not appropriate for discretionary release.

This material is being provided to you at no charge.

**FBI FOIPA Addendum**

As referenced in our letter responding to your Freedom of Information/Privacy Acts (FOIPA) request, the FBI FOIPA Addendum includes information applicable to your request.   Part 1 of the Addendum includes standard responses that apply to all requests.   Part 2 includes additional standard responses that apply to all requests for records on individuals.   Part 3 includes general information about FBI records.   For questions regarding Parts 1, 2, or 3, visit the www.fbi.gov/foia website under "Contact Us."   Previously mentioned appeal and dispute resolution services are also available at the web address.


**Part 1: The standard responses below apply to all requests:**

(i)      **5 U.S.C. § 552(c).**   Congress excluded three categories of law enforcement and national security records from the requirements of the FOIA [5 U.S.C. § 552(c) (2006 & Supp. IV (2010)].   FBI responses are limited to those records subject to the requirements of the FOIA.   Additional information about the FBI and the FOIPA can be found on the www.fbi.gov/foia website.

(ii)     **National Security/Intelligence Records**.   The FBI can neither confirm nor deny the existence of national security and foreign intelligence records pursuant to FOIA exemptions (b)(1), (b)(3), and PA exemption (j)(2) as applicable to requests for records about individuals [5 U.S.C. §§ 552/552a (b)(1), (b)(3), and (j)(2); 50 U.S.C § 3024(i)(1)].   The mere acknowledgment of the existence or nonexistence of such records is itself a classified fact protected by FOIA exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3) [50 USC § 3024(i)(1)].   This is a standard response and should not be read to indicate that national security or foreign intelligence records do or do not exist.


**Part 2: The standard responses below apply to all requests for records on individuals:**

(i)      **Requests for Records about any Individual—Watch Lists.**   The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)].   This is a standard response and should not be read to indicate that watch list records do or do not exist.

(ii)     **Requests for Records for Incarcerated Individuals.**   The FBI can neither confirm nor deny the existence of records which could reasonably be expected to endanger the life or physical safety of any incarcerated individual pursuant to FOIA exemptions (b)(7)(E), (b)(7)(F), and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (b)(7)(F), and (j)(2)].   This is a standard response and should not be read to indicate that such records do or do not exist.


**Part 3: General Information:**

(i)      **Record Searches.** The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching those systems or locations where responsive records would reasonably be found.   A reasonable search normally consists of a search for main files in the Central Records System (CRS), an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled and maintained by the FBI in the course of fulfilling law enforcement, intelligence, and administrative functions.   The CRS spans the entire FBI organization and encompasses the records of FBI Headquarters (FBIHQ), FBI Field Offices, and FBI Legal Attaché Offices (Legats) worldwide and includes Electronic Surveillance (ELSUR) records.   For additional information about our record searches visit www.fbi.gov/services/information-management/foipa/requesting-fbi-records.

(ii)     **FBI Records.**   Founded in 1908, the FBI carries out a dual law enforcement and national security mission.   As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

(iii)    **Requests for Criminal History Records or Rap Sheets.**   The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks – often referred to as a criminal history record or rap sheets.   These criminal history records are not the same as material in an investigative "FBI file."   An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service.   For a fee, individuals can request a copy of their Identity History Summary Check.   Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-history-summary-checks.   Additionally, requests can be submitted electronically at www.edo.cjis.gov.   For additional information, please contact CJIS directly at (304) 625-5590.

(iv)     **The National Name Check Program (NNCP).**   The mission of NNCP is to analyze and report information in response to name check requests received from federal agencies, for the purpose of protecting the United States from foreign and domestic threats to national security.   Please be advised that this is a service provided to other federal agencies.   Private citizens cannot request a name check.

## EXPLANATION OF EXEMPTIONS

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552**

(b)(1)     (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)     related solely to the internal personnel rules and practices of an agency;

(b)(3)     specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)     trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)     inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)     personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal  privacy;

(b)(7)     records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal   privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)     contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)     geological and geophysical information and data, including maps, concerning wells.

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5)     information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)     material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,   or reduce crime or apprehend criminals;

(k)(1)     information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)     investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)     material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)     required by statute to be maintained and used solely as statistical records;

(k)(5)     investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)     testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)     material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LASSANA MAGASSA,

     Plaintiff,

         v.

FEDERAL BUREAU OF INVESTIGATION,

     Defendant.

Civil Action No. 19-CV-1952 (KBJ)

# **<u>Exhibit J</u>**

*LASSANA MAGASSA v. FBI*
19-cv-1952
UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

## *Vaughn* Index

| SUMMARY OF FOIA EXEMPTION JUSTIFICATION CATEGORIES | |
|---|---|
| **CODED CATEGORIES** | **INFORMATION WITHHELD** |
| **EXEMPTION (b)(3)** | **INFORMATION PROTECTED BY STATUE** |
| (b)(3)-1 | National Security Act of 1947 [50 USC Section 3024(i)(1)] |
| **EXEMPTION (b)(6) and EXEMPTION (b)(7)(C)** | **CLEARLY UNWARRANTED INVASION OF PERSONAL PRIVACY AND UNWARRANTED INVASION OF PERSONAL PRIVACY** |
| (b)(6)-1 and (b)(7)(C)-1 | Names and Identifying Information of FBI Special Agents/Professional Staff |
| (b)(6)-2 and (b)(7)(C)-2 | Name and/or Identifying Information of Non-FBI Federal Government Employees |
| (b)(6)-3 and (b)(7)(C)-3 | Name and Identifying Information of a Third Party Merely Mentioned |
| **EXEMPTION (b)(7)(E)** | **INVESTIGATIVE TECHNIQUES AND PROCEDURES** |
| (b)(7)(E)-1 | FBI Non-Public Web Addresses |
| (b)(7)(E)-2 | Collection and Analysis of Information |
| (b)(7)(E)-3 | Information Related to Polygraphs |
| (b)(7)(E)-4 | Sensitive Investigative File Numbers |
| (b)(7)(E)-5 | Identity of an FBI Squad and Unit |
| (b)(7)(E)-6 | Focus of Specific Investigation |
| (b)(7)(E)-7 | Types and Timing of Investigations |

INDEX KEY

RIF: Released in Full

RIP: Released in Part

| Document Description | Bates | b3 | 6/7C1 | 6/7C1 | 6/7C2 | 6/7C3 | 7E1 | 7E2 | 7E3 | 7E4 | 7E5 | 7E6 | 7E7 | 7E8 | RIF | RIP |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Sentinel printout dated February 1, 2018, of Serial 1 of Lassana Magassa's Employee Personnel File | 1 | | | | | | x | | | | | | | | | x |
| Sentinel printout dated February 1, 2018, of Serial 2 of Lassana Magassa's Employee Personnel File | 2 | | | | | | x | | | | | | | | | x |
| | 3 | | | | | | x | | | | | | | | | x |
| Bureau Personnel Management System ("BPMS") Printout, Dated January 31, 2018, of Personal Detail for Lassana Magassa | 4 | | x | | | | | | | | | | | | | x |
| | 5 | | | | | | | | | | | | | | x | |
| | 6 | | | | | | | | | | | | | | x | |
| | 7 | | | | | | | | | | | | | | x | |
| | 8 | | | | | | | | | | | | | | x | |
| | 9 | | | | | | | | | | | | | | x | |
| BPMS Printout, Dated January 31, 2018 of Status Screen for Lassana Magassa | 10 | | | | | | | x | | | | | | | | x |
| | 11 | | | | | | | | | | | | | | x | |
| | 12 | | | | | | | | | | | | | | x | |
| | 13 | | x | | | | | | | | | | | | | x |
| BPMS Printout, Dated January 31, 2018, of Test Scores for Lassana Magassa | 14 | | | | | | | | | | | | | | x | |
| BPMS Printout, Dated January 31, 2018, of Phase I Scores for Lassana Magassa | 15 | | | | | | | x | | | | | | | | x |
| BPMS Printout Dated January 31, 2018, of Polygraph Results for Lassana Magassa | 16 | | | | | | | | x | | | | | | | x |
| BPMS Printout Dated January 31, 2018, of Letters Sent To Applicant Lassana Magassa | 17 | | | | | | | | | | | | | | x | |
| BPMS Printout, Dated January 31, 2018, of Deactivate Detail for Lassana Magassa | 18 | | | | | | | | | | | | | | x | |
| BPMS Printout, Dated January 31, 2018, of Comments concerning Lassana Magassa | 19 | | x | | | | | | | | | | | | | x |
| Form FD-1037, Electronic Communication ("EC") Dated October 30, 2015, Detailing Interview of Lassana Magassa | 20 | x | x | | | | | | x | x | x | x | | | | x |
| | 21 | x | x | | | | | | x | | | | | | | x |
| Form FD-1037, EC Dated November 28, 2016, Detailing the Attempted Interview of Lassana Magassa | 22 | x | x | x | x | | | x | x | x | x | x | | | | x |
| | 23 | x | x | x | x | | | | x | | x | | | | | x |
| Form FD-1037, EC Dated March 29, 2017, Detailing Encounter with Lassana Magassa including E-mail Attachments | 24 | x | x | x | | | | | x | x | x | x | | | | x |
| | 25 | x | x | | | | | | x | | | | | | | x |
| Email Dated March 27, 2018, From Lassana Magassa to a Special Agent ("SA") with the Seattle Field Office ("SEFO") to Arrange a Meeting | 26 | x | x | | | | x | | x | | | | | | | x |
| Email Dated March 27, 2018, From an SA with the SEFO to Lassana Magassa to Discuss a Change to a Meeting | 27 | | x | | | | | | | | | | | | | x |

19-cv-1952
Page Disposition Totals

| Page Disposition Totals |
|---|
| **Total:** 27 |
| RIF: 10 |
| RIP: 17 |
| • FOIA Exemption(s):        12 |