CHRISTINA A. JUMP (D.C. ID No. TX151)
    cjump@clcma.org
LEILA E. MUSTAFA (D.C. ID. No. TX0169)
    lmustafa@clcma.org
Constitutional Law Center for Muslims in America (CLCMA)
833 E. Arapaho Rd., Ste. 102
Richardson, TX 75081
Tel: (972) 914-2507; Fax: (972) 692-7454

*Attorneys for Plaintiff*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LASSANA MAGASSA**, | CASE NO.: 19-cv-1952 (KBJ) |
| *Plaintiff,* | |
| vs. | CIVIL ACTION |
| **FEDERAL BUREAU OF INVESTIGATION**, | **PLAINTIFF'S RESPONSE AND MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| *Defendant.* | |

**PLAINTIFF'S RESPONSE AND MEMORANDUM IN OPPOSITION
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................iii

I.    INTRODUCTION..........................................................................................................................1

II.    FACTUAL SUMMARY ................................................................................................................1

III.    RELEVANT LEGAL STANDARDS............................................................................................3

    A.    Summary Judgment Generally .................................................................................3

    B.    Summary Judgment Relating to FOIA Cases ..........................................................3

IV.    PLAINTIFF IS ENTITLED TO THE RELIEF HE SEEKS.........................................................4

    A.    Plaintiff is Entitled to Injunctive Relief....................................................................4

    B.    Plaintiff is Entitled to Declaratory Relief.................................................................5

    C.    Plaintiff is Entitled to Other Appropriate Relief, Including Mandamus Relief..................5

V.    DEFENDANT'S MOTION FAILS AS A MATTER OF LAW..................................................6

    A.    Defendant Mischaracterizes the Facts......................................................................6

        1.    *The Agency Did Not Make Good Faith Efforts in its Searches* ...............................6

        2.    *The FBI Improperly Alleges that No Public Interests Are Served* ........................7

    B.    Defendant's *Glomar* Response Concerning Watch List Records is Improper .....................8

    C.    Defendant Relies on Statements Which Are Conclusory .........................................9

        1.    *The FBI Takes a "Trust Us" Approach in Applying FOIA Exemptions*................9

        2.    *The Agency Summarily Declares It Met All Obligations, Including Segregability* ...............9

VI.    CONCLUSION ..........................................................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*Allen v. United States Secret Serv.*, 335 F. Supp. 2d 95 (D.D.C. 2004) .................................... 10

*Armstrong v. Executive Office of the President*, 97 F.3d 575 (D.C. Cir. 1996) ....................... 10

*Baker & Hostetler LLP v. Dep't of Commerce*, 473 F.3d 312 (D.C. Cir. 2007) ......................... 6

*Canning v. Dep't of State*, 134 F. Supp. 3d 490 (D.D.C. 2016) ................................................ 3

*Church of Scientology, Inc. v. Turner*, 662 F.2d 784 (D.C. Cir. 1980) ...................................... 9

*Citizens for Responsibility & Ethics in Wash. v. Dep't of Justice*, 846 F.3d 1235 (D.C. Cir. 2017).........4

*Citizens for Responsibility & Ethics in Wash. v. Dep't of Justice*, 658 F. Supp. 2d 217 (D.D.C. 2009) ... 3

*DeBrew v. Atwood*, 792 F.3d 118 (D.C. Cir. 2015) .................................................................. 10

*Ehrman v. United States*, 429 F. Supp. 2d 61 (D.D.C. 2006) .................................................... 3

*Elhady v. Kable*, 391 F. Supp. 3d 562  (E.D. Va. 2019) ............................................................ 8

*Greene v. McElroy*, 360 U.S. 474 (1952) .................................................................................. 8

*Hertzberg v. Veneman,* 273 F. Supp. 2d 67 (D.D.C. 2003) ...................................................... 10

*James Madison Project v. CIA*, 344 F. Supp. 3d 380 (D.D.C. 2018) ........................................ 3

*Kent v. Dulles*, 357 U.S. 116 (1958) .......................................................................................... 8

*Kovac v. Wray*, 363 F. Supp. 3d 721 (N.D. Tex. 2019) ............................................................ 8

*Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270 (1941) .................................. 5

*Moore v. Aspin*, 916 F. Supp. 32 (D.D.C. 1996) ....................................................................... 4

*NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214 (1978) ...................................................... 5

*Oglesby v. Dep't of the Army*, 920 F.2d 57 (D.C. Cir. 1990) .................................................. 10

*Payne Enterprises v. United States*, 837 F.2d 486 (D.C. Cir. 1988) ......................................... 5

*Phillips v. Spencer*, 2019 U.S. Dist. LEXIS 117313 (D.D.C. July 15, 2019) ............................ 3

*Prop. of People v. Dep't of Justice,* 405 F. Supp. 3d 99 (D.D.C. 2019) .................................... 4

*Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1 (1974) ............................................ 5

*Reporters Comm. for Freedom Press v. FBI*, 877 F.3d 399 (D.C. Cir. 2017) .......................... 10

*Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995) .......................................................................... 5

*Woods v. Dep't of Justice*, 968 F. Supp. 2d 115 (D.D.C. 2013) .................................................. 3

**Statutes**

5 U.S.C. § 552(a) ..................................................................................................................... 2, 3

5 U.S.C. § 552a (j)(2) ................................................................................................................... 2

5 U.S.C. § 552a (k)(2) .................................................................................................................. 2

5 U.S.C. § 552a (k)(6) .................................................................................................................. 2

5 U.S.C. § 552  (b)(3) .................................................................................................................. 3

5 U.S.C. § 552 (b)(6) .................................................................................................................... 2

5 U.S.C. § 552 (b)(7) .................................................................................................................... 2

**Rules**

Fed. R. Civ. P. 56(a) .................................................................................................................... 3

# I. INTRODUCTION

Plaintiff Lassana Magassa hereby opposes Defendant's Motion for Summary Judgment. To this day, Defendant Federal Bureau of Investigation ("FBI") continues to improperly withhold records that are responsive to Plaintiff's FOIA request, without meeting the applicable requirements for withholding those documents. Plaintiff's Complaint, Doc. 1 at 2. In addition, the Agency conducted an inadequate search for records pertaining to Plaintiff's FOIA request. *Id.*

For the reasons below and those set forth in Plaintiff's Complaint (Doc. 1) as well as Plaintiff's Objections to Defendant's Statement of Facts, filed herewith and incorporated herein by reference, Defendant's Motion for Summary Judgment fails as a matter of law.

# II. FACTUAL SUMMARY

Plaintiff Lassana Magassa applied for a position with the FBI in 2007. Doc. 1. at ¶ 2. In 2011, he was invited to meet with FBI agents in New York. *Id.* at ¶ 3. Plaintiff assumed the purpose of the meeting was to discuss job opportunities. *Id.* However, at the meeting, FBI agents questioned Plaintiff about an individual he met in college. *Id.* at ¶ 4.

Plaintiff applied for a position with Delta Air Lines, Inc. in 2015. *Id.* at ¶ 6. During the onboarding process, which included interviews with U.S. Customs and Border Protection ("CBP") agents, Plaintiff expressed interest in working for the FBI. *Id.* at ¶ 7. One CBP agent offered to pass along Plaintiff's résumé to colleagues. *Id.* at ¶ 8. In October 2015, a CBP agent connected Plaintiff with FBI Special Agent Minh Truong. *Id.* at ¶ 12. The FBI agent reached out to Plaintiff for what Plaintiff thought would be a job interview. *Id.* at ¶ 13. However, the Agent asked Plaintiff to become an FBI informant. *Id.* at ¶ 14. Plaintiff refused, due to his religious beliefs. *Id.* at ¶ 15.

In October 2016, Plaintiff Lassana Magassa began experiencing extreme difficulties while traveling. *Id.* at ¶ 17. These difficulties occurred around the same time that his aviation-worker

1

credentials and security privileges were revoked without explanation by the Transportation Security Administration ("TSA"), making performance of his job impossible. *Id.* Upon information and belief, Plaintiff declining the FBI agent's offer to serve as an informant resulted in the revocation of Plaintiff's security badge and airport privileges, and a cascade of resulting travel difficulties. *Id.* at ¶ 18.

In February 2017, Plaintiff submitted a FOIA/Privacy Act ("PA") request for information on himself to the FBI. The FBI acknowledged this FOIA/PA request on February 24, 2017. *Id.* at ¶ 20. On February 22, 2018, a year after Plaintiff's FOIA/PA request, the FBI provided a response with only 19 documents. *Id.* at ¶ 22. In this response, the Agency wrongfully redacted information and cited exemptions without adequately explaining their application. *Id.* at ¶ 23. Upon information and belief, the FBI conducted an inadequate search for responsive documents, withheld numerous documents in its possession, and did not properly address withholding portions of those released documents or cite corresponding exemptions for the information withheld. *Id.*

Plaintiff appealed the FBI's FOIA/PA response on May 22, 2018. *Id.* at ¶ 24. This appeal challenged the Agency's lack of production, inadequate search, and wrongfully cited exemptions of 5 U.S.C. §§ 552 (b)(6) and (b)(7)(c), and (b)(7)(e), as well as 5 U.S.C. §§ 552a (j)(2) and (k)(6), when redacting or withholding documents. *Id.* at ¶ 25. On November 20, 2018, the Office of Information Policy affirmed the final decision on Plaintiff's FOIA/PA appeal. *Id.* at ¶¶ 28-29.

In October 2019, after the filing of this lawsuit, the FBI provided eight more documents "[f]ollowing a subsequent search for records which included not only main files but also reference files," which were similarly heavily redacted. *See* Declaration of Michael Seidel, attached to Defendant's Motion for Summary Judgment (hereinafter "Seidel Decl.") at 5, ¶ 14. In doing so, the Agency cited the same exemptions as mentioned above, and also cited 5 U.S.C. § 552a (k)(2)

2

and 5 U.S.C. § 552(b)(3) when redacting or withholding documents. *Id.* at ¶ 25. This limited supplemental production did not discharge the Agency's obligations to search for more responsive records and properly identify records it had withheld. Therefore, Plaintiff properly opposes Defendant's Motion for Summary Judgment, and rightfully pursues his own.

### III.     RELEVANT LEGAL STANDARDS

#### A.     Summary Judgment Generally

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on cross-motions for summary judgment, courts grant summary judgment only if a moving party is entitled to judgment as a matter of law upon material facts that are not genuinely disputed. *Phillips v. Spencer*, No. 11-cv-02021, 2019 U.S. Dist. LEXIS 117313, *23 (D.D.C. July 15, 2019) (citing *Citizens for Responsibility & Ethics in Wash. v. Dep't of Justice*, 658 F. Supp. 2d 217, 224 (D.D.C. 2009)).  Disputes are genuine only if a reasonable fact-finder could find for the non-moving party, while a fact is material only if it is capable of affecting the outcome of the case. *See James Madison Project v. CIA*, 344 F. Supp. 3d 380, 386 (D.D.C. 2018) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247 (1986) (internal citations omitted)). When parties file cross-motions for summary judgment, "each must carry its own burden under the applicable legal standard." *Ehrman v. United States*, 429 F. Supp. 2d 61, 67 (D.D.C. 2006).

#### B.     Summary Judgment Relating to FOIA Cases

In FOIA lawsuits, courts "must conduct a de novo review of the record." *Woods v. Dep't of Justice*, 968 F. Supp. 2d 115, 120 (D.D.C. 2013) (citing 5 U.S.C. § 552(a)(4)(B)). An agency citing FOIA exemptions for its withholding of responsive documents bears the burden of sustaining its actions. *Canning v. Dep't of State*, 134 F. Supp. 3d 490, 499 (D.D.C. 2016).

Reviewing courts must "'ascertain whether the agency has sustained its burden of demonstrating that the documents requested … are exempt from disclosure.'" *Assassination Archives & Research Ctr. v. CIA*, 334 F.3d 55, 57 (D.C. Cir. 2003) (quoting *Summers v. Dep't of Justice*, 140 F.3d 1077, 1080 (D.C. Cir. 1998)). All underlying facts and inferences are to be "construed in the light most favorable to the FOIA requester[,] and summary judgment is appropriate only after 'the agency proves that it has fully discharged its [FOIA] obligations.'" *Prop. of People v. Dep't of Justice,* 405 F. Supp. 3d 99, 110 (D.D.C. 2019) (quoting *Moore v. Aspin*, 916 F. Supp. 32, 35 (D.D.C. 1996) (internal citations omitted)).

### IV.     PLAINTIFF IS ENTITLED TO THE RELIEF HE SEEKS

Plaintiff seeks injunctive, declaratory, and other appropriate relief, including but not limited to mandamus relief, based on the FBI's improper document withholding, heavy redactions, and failure to adequately search for responsive documents. *See generally* Doc. 1. As set forth more fully in Plaintiff's Cross-Motion for Summary Judgment, filed simultaneously with this Response, Plaintiff is entitled to the relief he seeks, and denial of Defendant's Motion for Summary Judgment.

**A.     Plaintiff is Entitled to Injunctive Relief**

Plaintiff seeks to enjoin Defendant FBI from withholding any and all properly proved non-exempt records. Doc. 1 at 12. Injunctive relief is appropriate where government actions are likely to infringe on the rights of a plaintiff in the future, and are not speculative. *Citizens for Responsibility & Ethics in Wash. v. Dep't of Justice*, 846 F.3d 1235 (D.C. Cir. 2017); *Ctr. for the Study of Servs. v. HHS* (D.C. Cir. 2017).

Here, the FBI only released 27 pages to Plaintiff, and heavily redacted 17 of those released pages. Exhibit I to Seidel Decl.; *see also* Doc. 1 at ¶ 22. In doing so, the FBI did not adequately demonstrate that the redacted portions of those limited released records were not improperly

withheld. Therefore, Plaintiff is entitled to injunctive relief in this matter.

B.     **Plaintiff is Entitled to Declaratory Relief**

Under the Declaratory Judgment Act, district courts possess "unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). The pertinent question is whether the facts alleged "show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941).

The facts presented in this matter establish the controversy necessary to warrant declaratory judgment, due to the flawed and incomplete responses by the FBI. The limited information provided by the Agency in withholding and redacting responsive documents goes against "the basic purpose of the FOIA," which is "to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and hold the governors accountable to the governed." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978). Therefore, Plaintiff is entitled to declaratory relief.

C.     **Plaintiff is Entitled to Other Appropriate Relief, Including Mandamus Relief**

Plaintiff seeks several orders from this Court, including but not limited to ordering the Agency to conduct an adequate search for records responsive to Plaintiff's FOIA/PA request, and an order compelling the Agency to produce any and all non-exempt responsive records or segregable portions of those records. As "FOIA imposes no limits on courts' equitable powers in enforcing its terms," Plaintiff properly seeks mandamus relief and other appropriate relief in this matter as a matter of law. *Payne Enterprises v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988) (citing *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 19-20 (1974)).

## V.     DEFENDANT'S MOTION FAILS AS A MATTER OF LAW

Defendant's Motion for Summary Judgment fails as a matter of law, for the reasons set forth in further detail below.

**A.     Defendant Mischaracterizes the Facts**

   *1.     The Agency Did Not Make Good Faith Efforts in its Searches*

Defendant asserts that "the agency met its FOIA obligations by searching **all** locations likely to contain responsive records." Defendant's Memorandum of Points and Authorities in Support of Defendant's Motion for Summary Judgment (hereinafter "Defendant's Memorandum") at 4. The Agency further contends that it can "establish the reasonableness of its search by 'reasonably detailed, nonconclusory affidavits describing its efforts.'" *Id.* (quoting *Baker & Hostetler LLP v. Dep't of Commerce*, 473 F.3d 312, 318 (D.C. Cir. 2007)). However, Defendant's Declaration fails to adequately demonstrate that the FBI searched all locations or search terms likely containing responsive records.

In Plaintiff's original FOIA request, Plaintiff provided not only his full name, but also his date of birth, place of birth, and social security number, in order to aid the FBI in its search for records pertaining to him. *See* Exhibit A to Seidel Decl. Plaintiff further requested that the Agency "search both [its] automated indices and the older general (manual) indices, as well as all Field Offices." *Id.*   The FBI considered the request "perfected." Exhibit D to Seidel Decl. In doing so, the Agency did not object to searching the scope which Plaintiff requested, which includes FBI field offices and more than one method of searching for records.

In the Agency's response to Plaintiff's request, which took over a year to provide, the Agency only provided 19 documents to Plaintiff. Doc. 1 at ¶ 22. In producing this response, Defendant stated that the "enclosed documents represent the final release of information responsive to [Plaintiff's] FOIA request." Exhibit E to Seidel Decl. However, after Plaintiff

6

initiated this litigation, the FBI produced eight more documents, due to searching reference files as well as main files. Seidel Decl. at 5, ¶ 14. This additional search method shows that the original search conducted and the documents produced could not have been "final" as previously indicated, or in full compliance with the "perfected" request Plaintiff made to search multiple indices. *See* Exhibit E to Seidel Decl. Defendant's Declaration also indicates that only Plaintiff's name was searched in the relevant indices. *Id.* at 10-11, ¶ 27 (the Agency conducted an "index search for potentially responsive records […] by using the following search term: "Lassana Magassa". The FBI's search included a three-way phonetic breakdown of the term listed above"). While the FBI indicates that "[t]he FBI used information in plaintiff's request letter to facilitate the identification of responsive records," the Agency does not indicate if any of that information Plaintiff provided in his perfected request was used for independent searches. *Id.* at 11, ¶ 27. This further evinces that Defendant has not discharged its obligations to conduct an adequate search, as Defendant even concedes that "the FBI does not index every individual name or other subject matter in the general indices." *Id.* at 7, ¶ 18. Therefore, the Agency has not discharged its duty to prove that it conducted an adequate search for responsive records, despite its assertion to the contrary, and Defendant's Motion for Summary Judgment fails.

    2.    <u>The FBI Improperly Alleges that No Public Interests Are Served</u>

Defendant's Motion for Summary Judgment repeatedly asserts that there are no public interests served in releasing information it purports to be exempt. *See* Memorandum at 21-23. However, this is an erroneous omission that does not adequately factor public interests relating to increasing the "public's understanding of the FBI operations and activities," which Defendant acknowledges may exist in other cases. Memo at 16; *see also* Seidel Decl. at 23, ¶ 53 (same). The information sought pertaining to FBI records, concerning persons who are placed on a watch list

or who have security credentials revoked, concern the public's right to "follow a chosen profession free from government interference" and the "right to travel, both domestically and abroad" which has been recognized as fundamental by the Supreme Court. *See Greene v. McElroy*, 360 U.S. 474, 492 (1952), and *Kent v. Dulles*, 357 U.S. 116, 126 (1958), respectively. Given Plaintiff's allegations that his denial of acting as an informant resulted in liberty harms, Defendant's conclusory and self-serving statements that no public interests would be served by releasing the sought information remain in dispute. Therefore, Plaintiff respectfully requests that this Court deny Defendant's Motion for Summary Judgment.

**B.     Defendant's *Glomar* Response Concerning Watch List Records is Improper**

Defendant's partially responsive production includes the FBI's position that the existence records concerning watch list placements can neither be confirmed nor denied. *See* Exhibits E and I to Seidel Decl. However, several courts have required that the government provide further information to those purportedly on these watch lists, so that they may be afforded their due process rights to challenge any such designation and the related deprivations they bring. *See Kovac v. Wray*, 363 F. Supp. 3d 721, 758, n. 11 (N.D. Tex. 2019) ("[w]hile the Government has a significant and compelling interest [in combating terrorism], an American citizen placed on the ... Screening List has countervailing liberty interests and is entitled to a meaningful opportunity to challenge that placement"); *see also id*. ("an individual's inclusion on the ... Selectee List ... [is] accomplished without any judicial involvement or review, and according to a standard of proof that is far less when typically required when the deprivation of significant constitutional liberties are implicated"); *Elhady v. Kable*, 391 F. Supp. 3d 562, 584 (E.D. Va. 2019) ("[g]iven the consequences that issue out of a person's inclusion in the TSDB [Terrorist Screening Database], the [c]ourt concludes that [the relevant administrative process to challenge] an inquiry or challenge

8

concerning inclusion in the TSDB, does not provide to a Unites States citizen a constitutionally adequate remedy under the Due Process Clause"). Therefore, Defendant's *Glomar* response is improper, and Defendant's Motion for Summary Judgment lacks merit.

**C.      Defendant Relies on Statements Which Are Conclusory**

*1.      The FBI Takes a "Trust Us" Approach in Applying FOIA Exemptions*

Defendant cites several different FOIA exemptions in its responses, but fails to meet the applicable burdens for invoking each. For instance, the D.C. Circuit requires an agency invoking Exemption 3 to demonstrate its applicability by providing "the kind of detailed, scrupulous description [of the withheld information] that enables a [d]istrict [c]ourt judge to perform a searching de novo review." *Church of Scientology, Inc. v. Turner*, 662 F.2d 784, 786 (D.C. Cir. 1980). Defendant cannot meet this standard by merely stating that "the release of redacted information to Plaintiff would allow individuals to develop and implement countermeasures," as this is not detailed enough for the Court to make a determination. Similar arguments can be made against Defendant's invoking of FOIA Exemption 7(E) and utilizing statements like "there cannot be any dispute that the records at issue were compiled for law enforcement purposes." Defendant's Memorandum at 17. That is not sufficient justification that permits a Court to perform proper review. Accordingly, Defendant's Motion for Summary Judgment warrants denial.

*2.      The Agency Summarily Declares It Met All Obligations, Including Segregability*

Defendant's Motion for Summary Judgment relies on several conclusory statements regarding the sufficiency of the Agency's search and its segregability requirement. *See, e.g.,* Defendant's Memorandum at 22 ("[t]he document productions illustrate the FBI's careful review of the records and determination that no further segregation of meaningful information would be possible without divulging the very information deserving protection"); *see also id.* at 6 ("[g]iven

the FBI's search efforts in this case, the Court should find that the agency has conducted an adequate search for responsive records"). However, this Circuit "demand[s] greater specificity from the affidavit in connection with […] FOIA requests." *Reporters Comm. for Freedom Press v. FBI*, 877 F.3d 399, 405 (D.C. Cir. 2017), citing *DeBrew v. Atwood*, 792 F.3d 118, 121–22 (D.C. Cir. 2015) (affidavit insufficient to determine adequacy of search for "[a]ll documentation for making Conducting a Business ... a prohibited act" under Bureau of Prisons guidelines); *see also Oglesby v. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990) (the court lacks any basis for "determin[ing] if the search was [sufficiently] adequate in order to grant summary judgment" to the government).

Defendant's Motion for Summary Judgment and the Seidel Declaration do not "show with reasonable specificity why the documents cannot be further segregated." *Hertzberg v. Veneman*, 273 F. Supp. 2d 67, 90-91 (D.D.C. 2003) (citing *Armstrong v. Executive Office of the President*, 97 F.3d 575, 578 (D.C. Cir. 1996)). In addition, Defendant's Motion does not "demonstrate **beyond material doubt** that the search was reasonable." *Allen v. United States Secret Serv.*, 335 F. Supp. 2d 95, 97 (D.D.C. 2004) (internal citations omitted). Therefore, as "the record leaves substantial doubt as to the sufficiency of the search" and whether additional information was segregable, "summary judgment for the agency is not proper." *Id.* Therefore, Defendant's Motion for Summary Judgment fails as a matter of law.

## VI.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion for Summary Judgment, and for all other such relief to which this Court may find he is entitled.

Dated this 17th day of September, 2020.

<i>/s/ Christina A. Jump</i><br>
Christina A. Jump<br>
D.C. ID No. TX151<br>
Leila E. Mustafa<br>
D.C. ID No. TX0169<br>
833 E. Arapaho Rd., Suite 102<br>
Richardson, TX 75081<br>
Constitutional Law Center for Muslims in America<br>
Tel: (972) 914-2507<br>
Fax: (972) 692-7454<br>
cjump@clcma.org<br>
lmustafa@clcma.org<br>
<i>Counsel for Plaintiff</i>

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was emailed to opposing counsel of record. The foregoing will be filed with all related materials as a "batch" within three business days of the service of the last reply brief, and in any event no later than the final filing deadline of November 9, 2020, pursuant to this Court's General Order and Guidelines Applicable to FOIA Cases.

Dated this 17th day of September, 2020.

<i>/s/ Christina A. Jump</i><br>
Christina A. Jump<br>
Attorney for Plaintiff

11