**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **LASSANA MAGASSA**, <br><br> *Plaintiff,* <br><br> vs. <br><br> **FEDREAL BUREAU OF INVESTIGATION**, <br><br> *Defendant.* | CASE NO.: 19-cv-1952 (KBJ) <br><br><br> CIVIL ACTION <br><br><br> **PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE** |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE**

Pursuant to Fed. R. Civ. P. 56 and Local Civil Rule 7(h), Plaintiff submits this Response to Defendant's Statement of Material Facts Not in Genuine Dispute. As further articulated in his Response in Opposition to Defendant's Motion for Summary Judgment, Plaintiff notes that none of the below statements discharge Defendant Federal Bureau of Investigation ("FBI") of its required burdens of proof and obligations under the Freedom of Information Act ("FOIA"), and therefore do not support granting Defendant's Motion in this matter.

| Defendant's Statement | Plaintiff's Response |
|---|---|
| 1. Plaintiff Lassana Magassa is a U.S. citizen and resident of Seattle, Washington, who previously worked for Delta AirLines, Inc. The Declaration of Michael G. Seidel ("Seidel Decl.") ¶ 5, Complaint ¶ 4. | Admitted. Doc. 1 at ¶ 4; Seidel Decl. at ¶ 5. |
| 2. On February 14, 2017, Plaintiff submitted a Freedom of Information Act/Privacy Act ("FOIPA") request to the FBI seeking copies of all files, correspondence, or other records concerning himself. Seidel Decl. ¶ 6 (Ex. A) | Plaintiff admits that he submitted a FOIA/PA request to the FBI seeking all records concerning himself in February 2017. Doc. 1 at ¶ 19; Ex. A to Seidel Decl. |

| | |
|---|---|
| 3. The FBI acknowledged receipt of Plaintiff's request in a letter dated on February 24, 2017, and also explained that it had assigned his request Number 1367694-000. Seidel Decl. ¶ 7. | Admitted that the FBI confirmed receipt of Plaintiff's request. Doc. 1 at ¶ 20; Ex. B to Seidel Decl. |
| 4. The FBI informed Plaintiff that he could check the status of his request at www.fbi.gov/foia and he could appeal the FBI's response to the DOJ, Office of Information Policy ("OIP") within ninety (90) days of its letter, contact the FBI's FOIA public liaison, and or 2 seek dispute resolution services by contacting the Office of Government Information Services ("OGIS"). Seidel Decl. ¶ 7 (Ex. B) | Admitted. Ex. B to Seidel Decl. |
| 5. January 25, 2018, Plaintiff's Counsel submitted additional correspondence via facsimile, requesting the FBI to take prompt action in response to his FOIA request. Seidel Decl. ¶ 7 (Ex. C) | Admitted that correspondence was submitted requesting the Agency to act, but Plaintiff disagrees with the characterization that he merely requested the FBI to take prompt action in response to his FOIA request. The letter noted that his request was pending for over a year, which exceeded all relevant timelines authorized under the law. The letter further noted that the year-long delay has resulted in great harm to Plaintiff. Doc. 1 at ¶; *see also* Ex. C to Seidel Decl. |
| 6. On February 1, 2018, the FBI notified Plaintiff's Counsel of the status of his request and advised he could accelerate the processing of his request by reducing its scope. Seidel Decl. ¶ 8 (Ex. D) | Admitted that the FBI sent an update as to the status of Plaintiff's FOIA/PA request a year after he submitted the request, but Plaintiff disagrees with any characterization that he needed to narrow the scope for his request to be processed. Defendant had previously referred to his original request as "perfected." Ex. D to Seidel Decl. |
| 7. The FBI further requested Plaintiff to indicate in writing if he would want to discuss reducing the scope of his request. *Id* | Admitted that the FBI stated this, but Plaintiff disagrees with any characterization that he needed to narrow the scope for his request to be processed. Defendant also referred to his original request as "perfected." Ex. D to Seidel Decl. |

2

| | |
|---|---|
| 8. Three weeks later, on February 22, 2018, the FBI informed Plaintiff that the agency had reviewed 19 pages and explained that it would release 19 pages of records in full or in part, at no charge. Seidel Decl. ¶ 9 (Ex E). | Admitted as to the content of the correspondence, but Plaintiff cannot speak to the extent of Defendant's document review in this regard. Ex. E to Seidel Decl.; *see also* Doc. 1 at ¶¶ 22-23. |
| 9. The FBI's February 22nd letter further explained that it withheld certain information under Privacy Act Exemptions (j)(2) and (k)(6) along with FOIA Exemptions (b)(6), (b)(7)(C), and (b)(7)(E). *Id.* | Admitted as to the content of the correspondence, but Plaintiff disagrees with any characterization that the portions of the documents that were redacted were properly withheld (with the applicable burdens of proof) pursuant to those FOIA or PA exemptions. Doc. 1 at ¶¶ 23, 25; *see also* Ex. E to Seidel Decl. |
| 10. The FBI further advised that, if Plaintiff was seeking access to records that would either confirm or deny an individual's placement on any government watch list, the FBI would not confirm or deny the existence of any such records because their existence is protected from disclosure pursuant to 5 U.S.C. § 552a (j)(2) and 5 U.S.C. § 552(b)(7)(E). *Id.* | Admitted as to the content of the correspondence, but Plaintiff disagrees with any characterization that this response was proper under *Glomar*. Doc. 1 at ¶¶ 23, 25; Ex. E to Seidel Decl.; s*ee also Kovac v. Wray*, 363 F. Supp. 3d 721, 758, n. 11 (N.D. Tex. 2019) ("[w]hile the Government has a significant and compelling interest [in combating terrorism], an American citizen placed on the ... Screening List has countervailing liberty interests and is entitled to a meaningful opportunity to challenge that placement"); *id*. ("an individual's inclusion on the ... Selectee List ... [is] accomplished without any judicial involvement or review, and according to a standard of proof that is far less when typically required when the deprivation of significant constitutional liberties are implicated"). |
| 11. On May 22, 2018, Plaintiff appealed the FBI's February 22nd letter response to the Office of Information Policy ("OIP"), a component of the Department of Justice. Seidel Decl. ¶ 10 (Ex. F). | Admitted. Doc. 1 at ¶¶ 24-25; Ex. F to Seidel Decl. |
| 12. On May 23, 2018, OIP acknowledged receipt of Plaintiff's appeal and, on November 20, 2018, affirmed the FBI's response. Seidel Decl. ¶¶ 11-12 (Ex. G and H). | Admitted. Doc. 1 at ¶¶ 26, 28-29; *see also* Exhibits G and H to Seidel Decl. |

| | |
|---|---|
| 13. OIP's November 20th letter further advised Plaintiff of his right to file a lawsuit in the federal district court if he was dissatisfied with its action on the appeal or seek mediation services by contacting OGIS. Seidel Decl. ¶ 12 (Ex. H). | Admitted. Doc. 1 at ¶ 29; Ex. H to Seidel Decl. |
| 14. On June 28, 2019, Plaintiff filed his complaint in the U.S. District Court for the District of Columbia. See Complaint (ECF No. 1.) | Admitted. *See generally* Doc. 1; *id.* at 12. |
| 15. The FBI performed a second search and located additional records for processing. In all, the FBI released 27 pages (with Bates stamped FBI(19-cv-1952)-1 through FBI(19-cv1952)-27) to Plaintiff in full or in part, with certain information withheld pursuant to Privacy Act Exemptions (j)(2), (k)(2), (k)(5), and (k)(6) and FOIA Exemptions (b)(3), (b)(6), (b)(7)(C), and (b)(7)(E). The FBI also informed Plaintiff the documents represented the FBI's final release concerning his FOIPA request and were being provided at no charge. Seidel Decl. ¶ 14 (Ex. I). | Admitted only that the Agency stated that it conducted another search for responsive records and cited certain FOIA and PA exemptions, but Plaintiff disagrees with any characterization that this release is sufficiently "final." Defendant made the same finality representation prior to this litigation, after only searching manual indices. Plaintiff further disagrees with any characterization that the portions of the documents that were redacted were properly withheld (with the applicable burdens of proof) pursuant to those cited FOIA or PA exemptions. Ex. I to Seidel Decl; *see also* Seidel Decl. at 5, ¶ 14; Doc. 1 at ¶ 29. |
| 16. Ultimately, the FBI released ten pages of records in full and seventeen pages in part. See Vaughn Index (Ex. J). | Admitted that only 27 documents were released to Plaintiff in response to his FOIA/PA request, and only ten of which were released in full. Ex. J to Seidel Decl. |

4

Dated: September 17, 2020                Respectfully submitted,

*/s/ Christina A. Jump*
Christina A. Jump
D.C. ID No. TX151
Leila E. Mustafa
D.C. ID No. TX0169
833 E. Arapaho Rd., Suite 102
Richardson, TX 75081
Tel: (972) 914-2507; Fax: (972) 692-7454
cjump@clcma.org
lmustafa@clcma.org
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was emailed to opposing counsel of record. The foregoing will be filed with all related materials as a "batch" within three business days of the service of the last reply brief, and in any event no later than the final filing deadline of November 9, 2020, pursuant to this Court's General Order and Guidelines Applicable to FOIA Cases.

Dated this 17th day of September, 2020.

*/s/ Christina A. Jump*
Christina A. Jump
Counsel for Plaintiff