CHRISTINA A. JUMP (D.C. ID No. TX151)
    cjump@clcma.org
LEILA E. MUSTAFA (D.C. ID. No. TX0169)
    lmustafa@clcma.org
Constitutional Law Center for Muslims in America (CLCMA)
833 E. Arapaho Rd., Ste. 102
Richardson, TX 75081
Tel: (972) 914-2507; Fax: (972) 692-7454

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LASSANA MAGASSA**, | CASE NO.: 19-cv-1952 (KBJ) |
| *Plaintiff,* | |
| vs. | CIVIL ACTION |
| **FEDERAL BUREAU OF INVESTIGATION**, | **PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT** |
| *Defendant.* | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS
MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S COMPLAINT
SEEKING INJUNCTIVE, DECLARATORY, AND OTHER APPROPRIATE RELIEF**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................................... iii

I.    INTRODUCTION ......................................................................................................... 1

II.   FACTUAL SUMMARY ................................................................................................ 1

III.  RELEVANT LEGAL STANDARDS ........................................................................... 3

   A.  *Summary Judgment Generally* ............................................................................... 3

   B.  *Summary Judgment Relating to FOIA Cases* ........................................................ 4

      i.   *FOIA Requires the Agency to Prove Withholdings are Proper* ...................... 4

      ii.  *FOIA Requires the Agency to Conduct Adequate Searches* .......................... 6

IV.   PLAINTIFF IS ENTITLED TO THE RELIEF HE SEEKS .......................................... 6

   A.  *Plaintiff is Entitled to Injunctive Relief* ................................................................. 7

   B.  *Plaintiff is Entitled to Declaratory Relief* .............................................................. 9

   C.  *Plaintiff is Entitled to Other Appropriate Relief, Including Mandamus Relief* ........ 10

V.    CONCLUSION ............................................................................................................ 13

## TABLE OF AUTHORITIES

**Cases**

*Allen v. CIA*, 636 F.2d 1297 (D.C. Cir. 1980) ...................................................................... 8

*Allen v. United States Secret Serv.*, 335 F. Supp. 2d 95 (D.D.C. 2004) ...................................... 6

*Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33 (1980) ...................................................... 11

*Am. Civil Liberties Union v. Dep't of Justice*, 655 F.3d 1 (D.C. Cir. 2011) .............................. 5

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986) ............................................................... 4

*Animal Legal Defense Fund v. Dep't of the Air Force*, 44 F. Supp. 2d 295 (D.D.C. 1999) ...................... 9

*Armstrong v. Executive Office of the President*, 97 F.3d 575 (D.C. Cir. 1996) .................................... 5, 9

*Assassination Archives & Research Ctr. v. CIA*, 334 F.3d 55 (D.C. Cir. 2003) ........................................ 4

*Canning v. Dep't of State*, 134 F. Supp. 3d 490 (D.D.C. 2015) .................................................... 5

*Carter v. Dep't of Commerce*, 830 F.2d 388 (D.C. Cir. 1987) .................................................... 8

*Church of Scientology v. Dep't of Army*, 611 F.2d 738 (9th Cir. 1979) ........................................ 6

*Church of Scientology, Inc. v. Turner*, 662 F.2d 784 (D.C. Cir. 1980) ........................................ 8

*Citizens for Responsibility & Ethics in Wash. v. Dep't of Justice*, 658 F. Supp. 2d 217 (D.D.C. 2009) .... 3

*Citizens for Responsibility & Ethics in Wash. v. Dep't of Justice*, 846 F.3d 1235 (D.C. Cir. 2017) .......... 7

*Ctr. for Auto Safety v. EPA*, 731 F.2d 16 (D.C. Cir. 1984) ...................................................... 5

*Ctr. for the Study of Servs. v. HHS*, 874 F.3d 287 (D.C. Cir. 2017) ............................................ 4, 6

*Defs. of Wildlife v. United States Border Patrol*, 623 F. Supp. 2d 83 (D.D.C. 2009) ...................... passim

*Dep't of Justice v. Tax Analysts*, 492 U.S. 136 (1989) ............................................................ 4

*Ehrman v. United States*, 429 F. Supp. 2d 61 (D.D.C. 2006) .................................................... 4

*Elec. Privacy Info. Ctr. v. TSA*, 2004 U.S. Dist. LEXIS 29433 (D.D.C. Aug. 2, 2004) .................... 5, 6, 9

*Ellis v. Blum*, 643 F.2d 68 (2d Cir. 1981) ............................................................................ 11

*English v. District of Columbia*, 815 F. Supp. 2d 254 (D.D.C. 2011)........................................ 10

*Gold Anti-Trust Action Comm., Inc. v. Bd. of Governors of the Fed. Res. Sys.*, 762 F. Supp. 2d 123

    (D.D.C. 2011)......................................................................................................... 5

*Hall v. Dep't of Justice*, 552 F. Supp. 2d 23 (D.D.C. 2008) ...................................................... 8

*Hertzberg v. Veneman*, 273 F. Supp. 2d 67 (D.D.C 2003) ...................................................... 9

*Jacobs v. FBI*, 725 F. Supp. 2d 85 (D.D.C. 2010)...................................................................... 12

*James Madison Project v. CIA*, 344 F. Supp. 3d 380 (D.D.C. 2018)........................................ 4

*Jarvik v. CIA*, 741 F. Supp. 2d 106 (D.D.C. 2010) .................................................................. 5

*Judicial Watch, Inc. v. FDA*, 449 F.3d 141 (D.C. Cir. 2007) .................................................... 7

*King v. Dep't of Justice*, 830 F.2d 210 (D.C. Cir. 1987)............................................................ 10

*Kissinger v. Reporters Comm. for Freedom of Press*, 445 U.S. 136 (1980) ............................ 7

*Mead Data Cent. Inc. v. Dep't of Air Force*, 566 F.2d 242 (D.C. Cir. 1977) ................... 5, 7, 9

*Moore v. Aspin*, 916 F. Supp. 32 (D.D.C. 1996) ...................................................................... 4

*Morley v. CIA,* 508 F.3d 1108 (D.C. Cir. 2007) ...................................................................... 6

*MuckRock, LLC v. CIA,* 300 F. Supp. 3d 108 (D.D.C. 2018) (Brown Jackson, J.) ................... 7

*New York v. Heckler*, 578 F. Supp. 1109 (E.D.N.Y. 1184) ...................................................... 11

*NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214 (1978)...................................................... 10

*Oglesby v. Dep't of the Army*, 79 F.3d 1172 (D.C. Cir. 1996)................................................... 8

*Payne Enterprises v. United States*, 837 F.2d 486 (D.C. Cir. 1988) ........................................ 12

*Phillips v. Spencer*, 2019 U.S. Dist. LEXIS 117313 (D.D.C. July 15, 2019)............................ 3

*Prop. of People v. Dep't of Justice,* 405 F. Supp. 3d 99 (D.D.C. 2019)................................... 4

*Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1 (1974)........................................ 12

*SafeCard Servs. Inc. v. SEC*, 926 F.2d 1197 (D.C. Cir. 1991) ................................................. 5

*Schiller v. Nat'l Labor Relations Bd.*, 964 F.2d 1205 (D.C. Cir. 1992)......................................... 6

*Steinberg v. Dep't of Justice*, 23 F.3d 548 (D.C. Cir. 1994)........................................................ 6

*Summers v. Dep't of Justice*, 140 F.3d 1077 (D.C. Cir. 1998)..................................................... 5

*Tipograph v.  Dep't of Justice*, 146 F. Supp. 3d 169 (D.D.C. 2015) .......................................... 5

*Trans-Pacific Policing Agreement v. United States Customs Serv.*, 177 F.3d 1022 (D.C. Cir. 1999) ....... 6

*Truitt v. Dep't of State*, 897 F.2d 540 (D.C. Cir. 1990) ............................................................ 6

*Vaughn v. Rosen*, 484 F.2d 820, 157 U.S. App. D.C. 340 (D.C. Cir. 1973)........................................ 5, 8

*White v. Mathews*, 559 F.2d 852 (2d Cir. 1977) ...................................................................... 11

*Wilderness Soc'y v. Dep't of the Interior*, 344 F. Supp. 2d 1 (D.D.C. 2004) ................................. 6, 9, 12

*Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995) ...................................................................... 10

*Woods v. Dep't of Justice*, 968 F. Supp. 2d 115 (D.D.C. 2013) .................................................. 4

## Statutes

28 U.S.C. § 1361 ......................................................................................................... 11

5 U.S.C. § 552 (a) ....................................................................................................... 4, 7

5 U.S.C. § 552 (b)(3) ................................................................................................... 3

5 U.S.C. § 552 (b)(6) ................................................................................................... 2

5 U.S.C. § 552 (b)(7) ................................................................................................... 2

5 U.S.C. § 552a (j)(2) ................................................................................................... 2

5 U.S.C. § 552a (k)(2) .................................................................................................. 3

5 U.S.C. § 552a (k)(6) .................................................................................................. 2

## Rules

Fed. R. Civ. P. 56(a).................................................................................................... 3, 4

# I.    INTRODUCTION

Plaintiff Lassana Magassa hereby seeks summary judgment on his claims against Defendant Federal Bureau of Investigation ("FBI"), based on the Agency's violations of the Freedom of Information Act ("FOIA") and its requirements. To this day, Defendant FBI continues to improperly withhold records in part or in full that are responsive to Plaintiff's FOIA request. Plaintiff's Complaint, Doc. 1 at 2. In addition, the Agency conducted an inadequate search for records responsive to Plaintiff's FOIA request. *Id.* Accordingly, Plaintiff seeks injunctive, declaratory, and other appropriate relief against Defendant FBI for its violations of FOIA.

# II.    FACTUAL SUMMARY

Plaintiff Lassana Magassa applied for a position with the FBI in 2007. *Id.* at ¶ 2. In 2011, he was invited to meet with FBI agents in New York City. *Id.* at ¶ 3. Plaintiff assumed the purpose of the meeting was to discuss potential job opportunities in relation to his prior job application. *Id.* However, at the meeting, FBI agents questioned Plaintiff about an individual he met in college. *Id.* at ¶ 4. Plaintiff answered the agents' questions to the extent he was knowledgeable. *Id.* Plaintiff was never contacted by the New York FBI agents again. *Id.* at ¶ 5.

Plaintiff applied for a position with Delta Air Lines, Inc. in 2015. *Id.* at ¶ 6. During the onboarding process, which included background searches and interviews with U.S. Customs and Border Protection ("CBP") agents, Plaintiff expressed interest in eventually working for the FBI. *Id.* at ¶ 7. One CBP agent who interviewed Plaintiff offered to pass along his résumé to colleagues, to which Plaintiff agreed. *Id.* at ¶ 8. During this process, Plaintiff received clearance indicating that he was not a security threat, and then began working for Delta in June 2015. *Id.* at ¶ 10.

In October 2015, a CBP agent connected Plaintiff with FBI Special Agent Minh Truong via email. *Id.* at ¶ 12. The FBI agent reached out to Plaintiff for what Plaintiff thought would be a

job interview. *Id.* at ¶ 13. However, the Agent asked Plaintiff to become an FBI informant at the meeting. *Id.* at ¶ 14. Plaintiff refused that invitation due to his religious beliefs. *Id.* at ¶ 15. The same agent attempted to contact Plaintiff in September 2016, but they did not connect. *Id.* at ¶ 16.

In October 2016, Plaintiff Lassana Magassa began experiencing extreme difficulties while traveling. *Id.* at ¶ 17. These difficulties occurred around the same time that his aviation-worker credentials and security privileges were revoked without explanation by the Transportation Security Administration ("TSA"), making performance of his job impossible. *Id.* Upon information and belief, Plaintiff declining the FBI agent's offer to serve as an informant resulted in the revocation of Plaintiff's security badge and airport privileges, and resulting travel difficulties. *Id.* at ¶ 18.

In February 2017, Plaintiff submitted a FOIA/Privacy Act ("PA") request for information on himself to the FBI. The FBI acknowledged this FOIA/PA request on February 24, 2017. *Id.* at ¶ 20. On February 22, 2018, a year after Plaintiff's FOIA/PA request, the FBI provided a response with 19 heavily redacted documents. *Id.* at ¶ 22. In this response, the Agency wrongfully redacted information and cited exemptions without adequately explaining their application. *Id.* at ¶ 23. Upon information and belief, the FBI also withheld numerous documents in its possession, and did not properly address reasons for withholding those documents or cite corresponding exemptions for the documents withheld. *Id.* None of the limited documents provided related to any of Plaintiff's interviews with FBI special agents. *Id.* at ¶ 48.

Plaintiff appealed the FBI's FOIA/PA response on May 22, 2018. *Id.* at ¶ 24. This appeal challenged the Agency's lack of production, inadequate search, and wrongfully cited exemptions of 5 U.S.C. §§ 552 (b)(6) and (b)(7)(c), and (b)(7)(e), as well as 5 U.S.C. §§ 552a (j)(2) and (k)(6), when redacting or withholding documents. *Id.* at ¶ 25. On November 20, 2018, the Office of

Information Policy affirmed the final decision on Plaintiff's FOIA/PA appeal. *Id.* at ¶¶ 28-29.

In October 2019, after the filing of this lawsuit, the FBI provided eight more documents "[f]ollowing a subsequent search for records which included not only main files but also reference files," which were similarly heavily redacted. *See* Declaration of Michael Seidel, attached to Defendant's Motion for Summary Judgment (hereinafter "Seidel Decl.") at 5, ¶ 14. In doing so, the Agency cited the same exemptions as mentioned above, and also cited 5 U.S.C. § 552a (k)(2) and 5 U.S.C. § 552(b)(3) as authority for redacting or withholding documents. *Id.* at ¶ 25. This limited supplemental production did not discharge the Agency of its obligations to fully search for responsive records and properly identify any records withheld.

For the reasons set forth herein, and supported by the foregoing facts and those set forth in Plaintiff's Complaint as well as Plaintiff's Statement of Material Facts, filed herewith and incorporated herein by reference, Plaintiff has established his right to judgment as a matter of law in this matter, and therefore asks that he be granted injunctive, declaratory, and other appropriate relief, including mandamus relief.

## III.   RELEVANT LEGAL STANDARDS

### A.   Summary Judgment Generally

Pursuant to Rule 56, reviewing courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on cross-motions for summary judgment, courts shall grant summary judgment only if one of the moving parties is entitled to judgment as a matter of law upon material facts that are not genuinely disputed. *Phillips v. Spencer*, No. 11-cv-02021, 2019 U.S. Dist. LEXIS 117313, *23 (D.D.C. July 15, 2019) (citing *Citizens for Responsibility & Ethics in Wash. v. Dep't of Justice*, 658 F. Supp. 2d 217, 224 (D.D.C. 2009)).  Disputes are genuine

only if a reasonable fact-finder could find for the non-moving party, while a fact is material only if it is capable of affecting the outcome of the litigation. *See James Madison Project v. CIA*, 344 F. Supp. 3d 380, 386 (D.D.C. 2018) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247 (1986) (internal citations omitted)). When parties file cross-motions for summary judgment, "each must carry its own burden under the applicable legal standard." *Ehrman v. United States*, 429 F. Supp. 2d 61, 67 (D.D.C. 2006).

**B.      Summary Judgment Relating to FOIA Cases**

FOIA cases "typically and appropriately are decided on motions for summary judgment" under Rule 56 of the Federal Rules of Civil Procedure. *Defs. of Wildlife v. United States Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C. 2009). When motions for summary judgment are filed in the FOIA context, reviewing courts "must conduct a de novo review of the record." *Woods v. Dep't of Justice*, 968 F. Supp. 2d 115, 120 (D.D.C. 2013) (citing 5 U.S.C. § 552(a)(4)(B)). All underlying facts and inferences are to be "construed in the light most favorable to the FOIA requester[,] and summary judgment is appropriate only after 'the agency proves that it has fully discharged its [FOIA] obligations.'" *Prop. of People v. Dep't of Justice,* 405 F. Supp. 3d 99, 110 (D.D.C. 2019) (quoting *Moore v. Aspin*, 916 F. Supp. 32, 35 (D.D.C. 1996) (internal citations omitted)).

*i.      FOIA Requires the Agency to Prove Withholdings are Proper*

Under FOIA, the burden is on the requested agency to sustain its actions, by demonstrating that responsive records have not been "improperly withheld." *Ctr. for the Study of Servs. v. HHS*, 874 F.3d 287, 288 (D.C. Cir. 2017) (quoting *Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 and n.3 (1989)); *see also Assassination Archives & Research Ctr. v. CIA*, 334 F.3d 55, 57 (D.C. Cir. 2003) (courts must "ascertain whether the agency has sustained its burden of **demonstrating** that the documents requested [...] are exempt from disclosure") (internal citations and quotations

omitted) (emphasis added). Agencies may meet their burden "by submitting 'relatively detailed and non-conclusory' affidavits or declarations, *SafeCard Servs. Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991), and an index of the information withheld, *see Vaughn v. Rosen*, 484 F.2d 820, 827-28, 157 U.S. App. D.C. 340 (D.C. Cir. 1973); *Summers v. Dep't of Justice*, 140 F.3d 1077, 1080 (D.C. Cir. 1998)." *Canning v. Dep't of State*, 134 F. Supp. 3d  490, 499-500 (D.D.C. 2015). Agencies "bear the burden to establish that … claimed exemptions apply to **each document** for which they are invoked." *Tipograph v. Dep't of Justice*, 146 F. Supp. 3d 169, 173 (D.D.C. 2015) (emphasis added) (citing *Am. Civil Liberties Union v. Dep't of Justice*, 655 F.3d 1, 5 (D.C. Cir. 2011)).

FOIA further requires segregability of withheld documents. This requirement "applies to all documents and all exemptions in the FOIA." *Ctr. for Auto Safety v. EPA*, 731 F.2d 16, 21 (D.C. Cir. 1984). In order to meet the segregability requirement, "agency declarations must show why any withheld documents cannot be further segregated 'with reasonable specificity.'" *Gold Anti-Trust Action Comm., Inc. v. Bd. of Governors of the Fed. Res. Sys.*, 762 F. Supp. 2d 123, 140 (D.D.C. 2011) (quoting *Armstrong v. Executive Office of the President*, 97 F.3d 575, 578 (D.C. Cir. 1996)). Agencies "must detail what proportion of the information in a document is non-exempt and how that material is dispersed throughout the document." *Elec. Privacy Info. Ctr. v. TSA*, No. 03-cv-1846, 2004 U.S. Dist. LEXIS 29433, *9-10 (D.D.C. Aug. 2, 2004) (citing *Mead Data Cent. Inc. v. Dep't of Air Force*, 566 F.2d 242, 261 (D.C. Cir. 1977)). Courts have found that "the segregability requirement is so essential to a FOIA inquiry that it is error for a district court to simply approve the withholding of an entire document without entering a finding on segregability, or the lack thereof." *Jarvik v. CIA*, 741 F. Supp. 2d 106, 120 (D.D.C. 2010) (citing *Schiller v. Nat'l Labor Relations Bd.*, 964 F.2d 1205, 1210 (D.C. Cir.

1992)) (quoting *Church of Scientology v. Dep't of Army*, 611 F.2d 738, 744 (9th Cir. 1979)). In fact, reviewing courts "are required to consider segregability issues even when the parties have not specifically raised such claims." *Elec. Privacy Info. Ctr.*, 2004 U.S. Dist. LEXIS 29433 at *10 (citing *Trans-Pacific Policing Agreement v. United States Customs Serv.*, 177 F.3d 1022, 1028 (D.C. Cir. 1999)).

ii. **FOIA Requires the Agency to Conduct Adequate Searches**

Under FOIA, requests that reasonably describe the records sought trigger "the agency's obligation to search for and disclose all responsive records." *Ctr. for the Study of Servs.*, 874 F.3d at 288 (citing *Morley v. CIA,* 508 F.3d 1108, 1114 (D.C. Cir. 2007)). Affidavits or declarations "must 'describe what records were searched, by whom, and through what processes,'" and "must show 'that the search was reasonably calculated to uncover all relevant documents.'" *Defs. of Wildlife*, 623 F. Supp. 2d at 91, citing *Steinberg v. Dep't of Justice*, 23 F.3d 548, 552 (D.C. Cir. 1994), and *Wilderness Soc'y v. Dep't of the Interior*, 344 F. Supp. 2d 1, 20 (D.D.C. 2004), respectively. If "the record leaves substantial doubt as to the sufficiency of the search, summary judgment for the agency is not proper." *Allen v. United States Secret Serv.*, 335 F. Supp. 2d 95, 97 (D.D.C. 2004) (citing *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990) (internal quotation and footnotes omitted). In the event an agency's search is challenged, it "must demonstrate beyond material doubt that the search was reasonable." *Allen*, 335 F. Supp. 2d at 97.

IV. **PLAINTIFF IS ENTITLED TO THE RELIEF HE SEEKS**

Plaintiff is entitled to the injunctive, declaratory, and other appropriate relief he seeks based on Defendant's improper withholdings and heavy redactions, as well as Defendant's inadequate search for responsive documents to Plaintiff's FOIA request, as a matter of law. *See* Doc. 1.

**A.**      **Plaintiff is Entitled to Injunctive Relief**

Plaintiff seeks injunctive relief by way of a court order enjoining Defendant from withholding any and all non-exempt records. *Id.* at 12. Federal district courts possess jurisdiction to "enjoin an 'agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.'" *Kissinger v. Reporters Comm. for Freedom of Press*, 445 U.S. 136, 139 (1980) (citing 5 U.S.C. § 552(a)(4)(B)). Courts have found that "[t]his circuit's case law reflects the wide latitude courts possess to fashion remedies under FOIA, including the power to issue prospective injunctive relief." *MuckRock, LLC v. CIA,* 300 F. Supp. 3d 108, 121 (D.D.C. 2018) (Brown Jackson, J.) (quoting *Citizens for Responsibility & Ethics in Wash. v. Dep't of Justice*, 846 F.3d 1235, 1242 (D.C. Cir. 2017)). Here, Defendant only produced 27 documents to Plaintiff in total (after initially producing only 19 prior to the initiation of this lawsuit), and heavily redacted the majority of those released documents. Doc. 1 at ¶¶ 22-23; *see also* Decl. of Michael Seidel at 5, ¶ 14. By doing so, the FBI did not adequately demonstrate that the redacted portions of the 17 records that were released in part were not improper withholdings. The Agency's Declaration produced with its own Motion for Summary Judgment is conclusory, and does not "provide[] a relatively detailed justification, specifically identif[ying] the reasons why a particular exemption is relevant and correlat[ing] those claims with the particular part of a withheld document to which they apply." *Judicial Watch, Inc. v. FDA*, 449 F.3d 141, 146 (D.C. Cir. 2007) (quoting *Mead Data Cent., Inc*, 566 F.2d at 251). To the extent the Declaration minimally addresses the withheld portions of documents, those documents are lumped together with generalized explanations.

The aforementioned materials produced by the FBI are insufficient, as an agency's assertions whether "in affidavits, declarations or a *Vaughn* index[,] may not 'merely recite the

statutory standards.'" *Defs. of Wildlife*, 623 F. Supp. 2d at 90 (quoting *Carter v. Dep't of Commerce*, 830 F.2d 388, 392-93 (D.C. Cir. 1987); *see also Defs. of Wildlife*, 623 F. Supp. 2d at 90 (quoting *Carter*, 830 F.2d at 393; *Allen v. CIA*, 636 F.2d 1297, 1298 (D.C. Cir. 1980)) ("[w]here an agency's affidavits or declarations 'parrot the language of the statute and are drawn in conclusory terms,'" a "[c]ourt's ability to conduct its own review of the agency's determinations is severely frustrated"). "[B]road categorical descriptions" like the Defendant has provided in this matter "are inadequate to allow 'a reviewing court to engage in a meaningful review of the agency's decision.'" *Defs. of Wildlife*, 623 F. Supp. 2d at 89 (quoting *Hall v. Dep't of Justice*, 552 F. Supp. 2d 23, 27 (D.D.C. 2008)) (citing *Oglesby v. Dep't of the Army*, 79 F.3d 1172, 1176 (D.C. Cir. 1996)). The Defendant's Declaration and *Vaughn* index do not "provide a relatively detailed analysis in manageable segments" as required by law. *Vaughn*, 484 F.2d at 826; *see also id.* at 825 ("the agency may not sweep a document under a general allegation of exemption, even if that general allegation is correct with regard to part of the information").

Defendant further provides a *Glomar* response for watch list records, but fails to identify the number of documents withheld. The D.C. Circuit requires an agency to demonstrate an exemption's applicability by providing "the kind of detailed, scrupulous description [of the withheld information] that enables a [d]istrict [c]ourt judge to perform a searching de novo review." *Church of Scientology, Inc. v. Turner*, 662 F.2d 784, 786 (D.C. Cir. 1980). Therefore, Defendant has not sufficiently proven that its withholdings or heavy redactions are proper in any of its responses, its Declaration, or the *Vaughn* index produced to Plaintiff to date.

Defendant also does not satisfy its burden under the segregability requirement. In order to ensure that "the segregability provision of the FOIA is to be nothing more than a precatory precept, agencies must be required to provide the reasons behind their conclusions in order that they may

be challenged by FOIA plaintiffs and reviewed by the courts." *Elec. Privacy Info Ctr.,* 2004 U.S. Dist. 29433 at *27-28 (quoting *Mead Data Cent, Inc.*, 566 F.2d at 261)). Courts have found that "a blanket declaration that all facts are so intertwined to prevent disclosure under the FOIA does not constitute a sufficient explanation of non-segregability ... [r]ather, for *each* entry the defendant is required to 'specify in detail which portions of the document are disclosable and which are allegedly exempt.'" *Wilderness Soc'y*, 344 F. Supp. 2d at 19 (quoting *Animal Legal Defense Fund v. Dep't of the Air Force*, 44 F. Supp. 2d 295, 301 (D.D.C. 1999)) (emphasis in original). Defendant's Declaration is insufficient, because it does not "show with reasonable specificity why the documents cannot be further segregated." *Hertzberg v. Veneman*, 273 F. Supp. 2d 67, 90-91 (D.D.C 2003) (citing *Armstrong*, 97 F.3d at 578).

Plaintiff continues to be irreparably harmed by reason of Defendant's unlawful withholdings and redactions. *See, e.g.,* Doc. 1 at ¶ 51 (Plaintiff is unable to learn "why he is experiencing severe difficulties exercising his fundamental right to travel and whether his interactions with Special Agent Truong relate to his issues traveling"); *id.* at ¶ 50 (Plaintiff is unaware of "the reasons supporting the revocation of his security badge and airport privileges" which resulted in the constructive discharge of his employment). Defendant fails to provide the detailed analysis required by law for its withholdings, and Plaintiff respectfully requests that his Motion for Summary Judgment be granted, and for this Court to issue the injunctive relief he seeks.

**B.    Plaintiff is Entitled to Declaratory Relief**

Plaintiff also seeks a declaration that Plaintiff is entitled to disclosure of the records he requests. Doc. 1 at 12. In order to issue declaratory relief, reviewing courts must determine "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant  the

issuance of a declaratory judgment." *English v. District of Columbia*, 815 F. Supp. 2d 254, 268-69 (D.D.C. 2011) (internal citations omitted). The Declaratory Judgment Act gives the district courts "unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995).

The facts presented in this matter establish the controversy needed to warrant a declaratory judgment. A "withholding agency," such as the FBI in this case, "must describe *each* document or portion thereof withheld, and for *each* withholding it must discuss the consequences of disclosing the sought-after information." *King v. Dep't of Justice*, 830 F.2d 210, 223-24 (D.C. Cir. 1987) (emphasis in original). Since the explanations the FBI has provided "are inadequate to permit the [c]ourt to determine whether" the Agency "is justified in withholding […] potentially responsive documents," *Defs. of Wildlife*, 623 F. Supp. 2d at 90, Defendant's Declaration "provides an insufficient basis for the de novo review that FOIA mandates" when citing exemptions for withholding documents. *King*, 830 F.2d at 225. The limited information provided by Defendant in withholding or failing to adequately search for responsive documents goes against "the basic purpose of FOIA," which is "to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and hold the governors accountable to the governed." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978). Therefore, declaratory relief is warranted in this matter, and Plaintiff respectfully requests that this Court enter summary judgment in his favor and against Defendant FBI.

## C.    Plaintiff is Entitled to Other Appropriate Relief, Including Mandamus Relief

Plaintiff also seeks other appropriate relief, including but not limited to mandamus relief. Doc. 1 at 12. Specifically, Plaintiff seeks orders from this Court requiring Defendant to conduct an adequate search for all records responsive to Plaintiff's FOIA/PA request, including records

relating to his aviation-worker credentials and Plaintiff's difficulties traveling; demonstrate that it employed search methods reasonably likely to lead to the discovery of all responsive records; and produce, by a date certain, any and all non-exempt records or portions of records responsive to Plaintiff's FOIA/PA request. *Id.*

Under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. While "[t]he remedy of mandamus "'is a drastic one, to be invoked only in extraordinary circumstances'", mandamus is properly available if: (1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff. *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980).

For the reasons set forth above, Plaintiff's requests that this Court order Defendant to produce any and all non-exempt records responsive to Plaintiff's FOIA/PA request succeed as a matter of law, as the FBI has not met its burden.

As to Plaintiff's request for a *Vaughn* index, this request for relief remains warranted, as Defendant has only at best facially complied. In this case, Defendant has "no discretion to refuse to perform" or "to perform" in "such a way as to be meaningless." *New York v. Heckler*, 578 F. Supp. 1109, 1119 (E.D.N.Y. 1184) (citing *Ellis v. Blum*, 643 F.2d 68, 85-86 (2d Cir. 1981) (for the notion that mandamus is available to compel the Secretary of Health and Human Services to comply with notice requirements) and *White v. Mathews*, 559 F.2d 852, 861 (2d Cir. 1977) (for the notion that mandamus jurisdiction is available to compel the Secretary to comply with time requirements in processing claims)). Nonetheless, Defendant's *Vaughn* index and the Seidel Declaration leave this Court "unable to determine whether any reasonably segregable portion of a

record has been provided to plaintiff after a deletion of portions which are exempt." *Jacobs v. FBI*, 725 F. Supp. 2d 85, 92 (D.D.C. 2010). Therefore, Defendant FBI has only facially complied with Plaintiff's request for the *Vaughn* index which he is entitled to under the law, and Plaintiff's request for an order compelling the Agency to produce a proper *Vaughn* index remains justified in this matter.

In addition, Plaintiff's request for orders of this Court compelling Defendant to conduct an adequate search, and also demonstrate that it employed adequate search methods to locate responsive records to Plaintiff's FOIA request, also succeeds as a matter of law. Defendant's "[D]eclaration[] … do[es] not satisfy [the Agency's] burden to show that the searches were 'reasonably calculated to uncover **all relevant** documents' because they are not 'reasonably detailed.'" *Defs. of Wildlife*, 623 F. Supp. 2d at 92 (quoting *Wilderness Soc'y*, 344 F. Supp. 2d at 20 (internal citations omitted) (emphasis added)). For the same reasons which support Plaintiff's other claims for relief regarding the insufficiency of the Defendant's Declaration and minimal *Vaughn* index provided in this matter, the FBI has not proven that the searches it conducted were adequate or complete.

To the extent Plaintiff may be entitled to other appropriate, equitable relief as determined by this Court, Plaintiff meets that burden as well. "FOIA imposes no limits on courts' equitable powers in enforcing its terms." *Payne Enterprises v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988) (citing *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 19-20 (1974)). Plaintiff's Motion for Summary Judgment accordingly succeeds as a matter of law.

12

## V.     CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant his Motion for Summary Judgment, and grant him the relief requested in Plaintiff's Complaint Seeking Injunctive, Declaratory, and Other Appropriate Relief.

Dated this 17th day of September, 2020.

*/s/ Christina A. Jump*
Christina A. Jump
D.C. ID No. TX151
Leila E. Mustafa
D.C. ID No. TX0169
833 E. Arapaho Rd., Suite 102
Richardson, TX 75081
Constitutional Law Center for Muslims in America
Tel: (972) 914-2507
Fax: (972) 692-7454
cjump@clcma.org
lmustafa@clcma.org
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was emailed to opposing counsel of record. The foregoing will be filed with all related materials as a "batch" within three business days of the service of the last reply brief, and in any event no later than the final filing deadline of November 9, 2020, pursuant to this Court's General Order and Guidelines Applicable to FOIA Cases.

Dated this 17th day of September, 2020.

*/s/ Christina A. Jump*
Christina A. Jump
*Attorney for Plaintiff*

13