CHRISTINA A. JUMP (D.C. ID TX151)
    cjump@clcma.org
NAJMU MOHSEEN (D.C. ID TX0224)
    nmohseen@clcma.org
Constitutional Law Center for Muslims in America
100 N. Central Expressway, Ste. 1010
Richardson, TX 75080
Tel: (972) 914-2507; Fax: (972) 692-7454
*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT COURT OF COLUMBIA

| | |
|---|---|
| **LASSANA MAGASSA**, <br><br> Plaintiff, <br><br> v. <br><br> **FEDERAL BUREAU OF INVESTIGATION**, <br><br> Defendant. | **Civil Action No.:** 19-cv-1952 (JMC) |

### PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff Lassana Magassa ("Plaintiff" or "Dr. Magassa") hereby files this notice of supplemental authority, to bring this Court's attention to the recently issued decision of *Fikre v. FBI,* 35 F. 4th 762 (D.C. Dist. 2022). The *Fikre* decision directly relates to the facts of this case. Plaintiff recognizes that *Fikre* is not binding upon this Court, but finds it nonetheless instructive, and requests this Court apply the same reasoning here.

The *Fikre* plaintiff, a U.S. citizen, challenged the government's actions in placing him and maintaining his name in the Terrorist Screening Dataset ("TSDS")[1] and on the No Fly list on procedural and substantive due process grounds. *Id.* at 764. The government removed him from the No Fly list after litigation began, and submitted a declaration that he would "not be placed on the [] List in the future" based on "currently available information." *Id*. This action had the effect of mooting Mr. Fikre's case, and he then appealed. *Id.* The Ninth Circuit reversed, finding that the district court erred in dismissing Mr. Fikre's case as moot because the government's decision to remove him from the No Fly list constituted merely an "individualized determination untethered to any explanation or change in policy, much less an abiding change in policy[;]." *Id.* at 773.

The Ninth Circuit found the government's declaration insufficient to moot Mr. Fikre's claims, as it provided no detail why he was included in the List to begin with, or any change in inclusion criteria. *See, e.g., id.* Additionally, the court found that the five years that had elapsed from the government's removal of Mr. Fikre and the beginning of litigation were insufficient under the voluntary cessation doctrine absent any explanation or change in policy. *Id.*[2]

Defendant revoked Plaintiff Magassa's aviation worker credentials with no explanation, making performance of his job impossible. Upon information and belief, Plaintiff's refusal to serve

---

[1] The Terrorist Screening Dataset was formerly known as the Terrorist Screening Database. *See, e.g., Moharam v. FBI et al*., Case No. 21-cv-2607 (D.D.C. filed Oct. 6, 2021), at Dkt. 20-5, Declaration of Jason V. Herring, Deputy Director for Operations of the Terrorist Screening Center (explaining that "[u]ntil very recently, the TSDS was known as the . . . 'TSDB'"). Plaintiff cites to this source not to bless its accuracy as to any content asserted therein, but to show the government's apparent currently preferred terminology

[2] The Fourth Circuit also heard this issue but came to a different conclusion. *See generally Long v. Pekoske,* No. 20-1406, 2022 U.S. App. LEXIS 17967 (4th Cir. June 29, 2022). However, the facts of that case differ greatly from those in the present matter. Unlike Dr. Magassa, the *Long* plaintiff received a much more meaningful explanation for his placement on the No Fly list, including that his "participat[ion] in training" and his arrest in Turkey were the rationale. *Id.* at *6.

as an FBI informant served as basis for the revocation of his credentials. Plaintiff has since obtained other employment.

But like in *Fikre,* Defendant FBI identifies no change in policy providing any assurance that Plaintiff Magassa will not again suffer the same harms, with little or no reason given. Therefore, Plaintiff Magassa respectfully requests this Court apply the reasoning of the Ninth Circuit and deny Defendant FBI's Motion for Summary Judgment.

Respectfully submitted this 15th day of September 2022.

*/s/ Christina A. Jump*
Christina A. Jump
D.C. ID. TX151
Najmu Mohseen
D.C. ID. TX0224
Constitutional Law Center for Muslims in America
100 N. Central Expressway, Ste. 1010
Richardson, TX 75080
Tel: (972) 914-2507
Fax: (972) 692-7454
cjump@clcma.org
nmohseen@clcma.org
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of September, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Christina A. Jump*
Christina A. Jump
*Attorney for Plaintiff*